694

■ RUDOLPH ANELLO, Appellant, v. MILDRED ANELLO et al., Respondents.— In an action for the partition of certain real property owned as tenants by the entirety, by the plaintiff Rudolph Anello and the defendant Mildred Anello, husband and wife, the plaintiff husband appeals from an order of the Supreme Court, Nassau County, dated March 25, 1964, which granted the defendant wife's motion to dismiss the complaint for legal insufficiency (CPLR 3211, subd. [a], par. 7). Order affirmed, with $10 costs and disbursements to the defendant Anello. It appears that during their marriage the plaintiff and this defendant became the owners of a dwelling as tenants by the entirety; and that thereafter the plaintiff husband obtained an ex parte divorce in the State of Nevada. The defendant wife was not served with the summons and complaint, nor did she appear in the action. Contending that the foreign divorce decree had the effect of converting the tenancy by the entirety into a tenancy in common, the husband brought this action to partition the property. His complaint was dismissed as insufficient; he appeals. In our opinion, the foreign divorce decree, although valid to dissolve the marital status, nevertheless, the decree, having been obtained without either the service of process on the wife or her appearance in the foreign action, was ineffective to transform the tenancy by the entirety into a tenancy in common. The full faith and credit provision of the Federal Constitution "compels recognition of a foreign divorce only as an adjudication of the marital status, and not of any property rights that may be incident to that status" (27B C. J. S., Divorce, § 382, p. 885). Hence, unless based upon personal service or voluntary appearance, such a decree cannot affect the spouse's property rights here (*Vanderbilt* v. *Vanderbilt*, 1 N Y 2d 342, affd. 354 U. S. 416; *Huber* v. *Huber*, 26 Misc 2d 539, 545). Since the ownership by the plaintiff husband and the defendant wife as tenants by the entirety remained intact despite the severance of their marital status by the foreign divorce decree, the husband is barred from maintaining this action; tenants by the entirety may not obtain partition (*Vollaro* v. *Vollaro*, 144 App. Div. 242; Real Property Actions & Proceedings, § 901). Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.

■ ADAM CORTI, Respondent, v. A To Z EQUIPMENT CORPORATION, Appellant.— In a negligence action to recover damages for personal injury sustained by plaintiff at a job site when the planks of a scaffold on which he was working gave way and fell down by reason of the alleged defective condition of the scaffold, the defendant appeals from a judgment of the Supreme Court, Queens County, rendered February 11, 1964 after trial, upon a jury's verdict in favor of the plaintiff. Judgment reversed on the law and the facts, and a new trial granted, with costs to abide the event. Defendant was the alleged supplier of the scaffold. There is no evidence in the record to show that any of the specific defects which are claimed to have caused the planks to give way and fall down, existed at the time the scaffold was allegedly delivered by defendant to the job site. Without such evidence, defendant may not be held liable to the plaintiff on the theory of negligence (*Rosebrock* v. *General Elec. Co.*, 236 N. Y. 227). Since such evidence may be available to plaintiff, a new trial is granted. The only evidence submitted by plaintiff was as to general defects; and such evidence was struck out. Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.