■ RALPH W. BURFORD, Appellant, v. LUCILLE BURFORD, Respondent.— In an action for the partition of certain real property owned as tenants by the entirety by the plaintiff husband and the defendant wife, the plaintiff husband appeals from a judgment of the Supreme Court, Nassau County, entered January 21, 1964 upon the court's decision-opinion after submission of the case upon a stipulation and agreed statement of facts, which dismissed the complaint. Judgment affirmed, without costs. The plaintiff husband's ex parte Texas divorce may not affect the right of the defendant wife to occupy the dwelling owned by them as tenants by the entirety where such occupancy was granted to her by the valid separation decree of a New York court which antedated the foreign divorce decree. The Texas divorce decree affected only the marital status of the parties. It cannot operate to divest the property rights of a New York resident who did not appear in the foreign action (*Anello* v. *Anello*, 22 A D 2d 694). Personal service of process issuing out of the Texas court upon the wife in New York could not confer personal jurisdiction over her by the Texas court (*Vanderbilt* v. *Vanderbilt*, 1 N Y 2d 342, 351, affd. 354 U. S. 416; *Pennoyer* v. *Neff*, 95 U. S. 714). Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ GLORIA DAYTON, an Infant, by RAYMOND C. DAYTON, Her Father and Natural Guardian, et al., Respondents, v. AMITY ESTATES, INC., et al., Appellants.— In a negligence action to recover damages for personal injury and loss of services, the defendant Amity Estates, Inc., appeals from an order of the Supreme Court, Dutchess County, entered January 27, 1965, which denied its motion to dismiss the amended complaint as to it; and the defendant Waisman appeals from another order of said court, entered the same date, which denied his motion to dismiss the amended complaint as to him. On the appeal by defendant Waisman: order reversed, without costs; his motion to dismiss granted, and the amended complaint dismissed as to him, without costs. On the appeal by defendant Amity Estates, Inc.: order affirmed, without costs. Defendant Waisman moved to dismiss the amended complaint pursuant to CPLR 3211, on the ground, *inter alia*, that documentary evidence established his defense to the action. The copies of a recorded deed and a lease signed by the adult plaintiff revealed the corporate defendant Amity Estates, Inc., to be the owner and landlord of the subject premises. This evidence was not controverted by plaintiffs. Nor did they advance any theory under which this defendant could be held liable. Accordingly, as to this defendant we are required to dismiss the complaint (*Wall* v. *Lo Verde*, 23 A D 2d 572). The evidence submitted on behalf of the corporate defendant does not justify a dismissal of the complaint as to it. Questions of fact are present which may only be determined at trial. The time of defendant Amity Estates, Inc., to serve an answer to the amended complaint is extended until 30 days after entry of the order hereon. Ughetta, Acting P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.