ARLENE V. RODRIGUEZ, Appellant, v. CARLOS A. RODRIGUEZ, Respondent.— In an action for a judgment declaring the validity of an ex parte divorce decree obtained by plaintiff wife in the State of Arizona, the purpose of the action being to terminate a tenancy by the entirety on property situated in New York, plaintiff appeals from an order of the Supreme Court, Westchester County, dated December 30, 1971, which granted defendant's motion to dismiss the complaint on the ground it fails to state a cause of action. Order affirmed, with $10 costs and disbursements. Defendant, in moving to dismiss the complaint, did not deny the validity of the Arizona ex parte divorce and said he did not in any way rely upon it. Special Term, in granting the motion, stated, *inter alia,* that to grant the relief requested by plaintiff would circumvent the rule in *Anello* v. *Anello* (22 A D 2d 694), which held that a partition action with respect to property held as tenants by the entirety may not be brought by a party to an ex parte foreign divorce. Such property constitutes a property right and is not to be abrogated by a "divisible divorce", which merely affects the status of a marriage while leaving unaltered certain legal and economic incidents thereof (*Vanderbilt* v. *Vanderbilt,* 1 N Y 2d 342). Inasmuch as the validity of the foreign ex parte divorce decree has not been put in issue, there exists no justiciable question or controversy warranting a declaratory judgment (CPLR 3001). Accordingly, the dismissal of the complaint was proper. Hopkins, Acting P. J., Munder, Martuscello, Gulotta and Christ, JJ., concur.

BETTY A. STARK, Appellant, v. PAUL STARK, Respondent.— In an action for divorce, plaintiff appeals from an order of the Supreme Court, Nassau County, entered April 18, 1972, which resettled a judgment of divorce granted on January 28, 1972 with respect to the provisions with regard to the sale of the marital home. The resettled provisions *inter alia* authorize the appointed Receiver to sell the home "at private sale or at public auction, and in such manner as in his judgment will result in the best price obtainable therefor, and at the time best suitable, said receiver being authorized to hire a real estate broker." Order modified, on the law, by inserting in the resettled decretal paragraph which directs the sale, immediately after the words "resulting from such sale", the following: "provided that such sale is approved by the court pursuant to an order of confirmation upon notice to all the parties." As so modified, order affirmed, without costs. In our opinion, the order under review was somewhat unclear as to the procedure to be followed by the receiver upon completion of the sale and consequently we modified it accordingly. Hopkins, Acting P. J., Latham, Shapiro, Gulotta and Christ, JJ., concur.