M. Holt Meyer, J.
This case points up some of the difficulties inherent in the Uniform Support of Dependents Law (Domestic Relations Law, art 3-A, hereinafter referred to as the U.S.D.L.) when there has been an ex parte divorce and when the parties are engaged in disputes which arose subsequent to the divorce in courts of different States.
This proceeding was brought by petitioner on behalf of three minor children of the former marriage between petitioner and respondent.
According to petitioner the parties were married in Mississippi in 1958 and were divorced in Ohio in 1972 in a proceeding in which respondent was the plaintiff. There were four children of the marriage, three of whom reside with petitioner, Lynn aged 14, James aged 11, and Lorrie aged 9, and one of whom, Joseph aged 15, resides with respondent. Petitioner has remarried and seeks support for the three children only. ;
The Ohio divorce decree incorporates a prior separation agreement entered into between the parties dated February 29, 1972. It provides inter alia that respondent shall pay to petitioner $150 per month for the support of all four children and that petitioner shall have custody of said children. Further, the agreement provides that respondent shall have the right to "visit with said minor children at any and all reasonable times and hours until same may be modified by a court having jurisdiction in the matter.”
Petitioner herein was served by mail in New York where she was residing with a certified copy of the summons and complaint in the Ohio divorce proceeding. Petitioner’s unrebutted testimony is that she did not appear in the Ohio divorce proceeding either in person or by attorney.
Subsequently a dispute arose between the parties as to visitation, respondent alleging that petitioner had denied him visitation altogether. He thereupon brought on two motions in the Common Pleas Court of Montgomery County, Ohio, returnable June 3 and June 30, 1975 for an order transferring custody of the children from petitioner to him and suspending child support until petitioner herein complied with respondent’s visitation rights, and to find petitioner in contempt for such noncompliance.
*355 Petitioner did not appear either in person or by attorney on either of the aforesaid motion dates. On June 4, 1975 the Ohio court continued custody with petitioner mother but ordered that she grant respondent visitation rights for a period of six weeks during the summer beginning June 14, 1975 through July 26, 1975, respondent to be responsible for providing transportation from the home of petitioner (now in Brooklyn, N.Y.) to Dayton, Ohio and return to Brooklyn. Petitioner refused to permit respondent to remove the children from this State but, she alleges, she has not denied respondent visitation with the children in New York. On July 31, 1975 the Ohio court ordered that the obligation of child support be discontinued as of June 30, 1975 by reason of petitioner having violated the order of the Ohio court by depriving respondent of his visitation rights. The Ohio court further found petitioner in contempt and "continues imposition of any sentence resulting therefrom.”
Subsequently respondent moved from Ohio to California. Petitioner filed her petition herein on July 10,1975 which was denied by the Superior Court, Yuba County, California, on September 23, 1975 on the basis of the Ohio order discontinuing respondent’s obligation to support his three children who reside with petitioner.
The court does not agree with the California court’s decision purporting to discontinue respondent’s support obligation. It is well established in New York that an ex parte sister State divorce decree is entitled to full faith and credit only as it affects the marital status of the parties (Burford v Burford, 24 AD2d 491; Anello v Anello, 22 AD2d 694).
A sister State divorce decree which purports to effect a change in a party’s property or economic rights is not entitled to full faith and credit, unless the court which purported to make such a change had personal jurisdiction over the parties (Vanderbilt v Vanderbilt, 1 NY2d 342, affd 354 US 416; Matter of Gardner v Gardner, 81 Misc 2d 734). Furthermore, the economic rights to which the court in Vanderbilt referred have been held to include the parties’ subsidiary property rights, such as alimony, support and custody (Sutton v Leib, 342 US 402; May v Anderson, 345 US 528).
Pursuant to section 413 of the Family Court Act, respondent is chargeable with the support of his minor children, and, if possessed of sufficient means, may be required to pay a fair and reasonable sum according to his means, as the court may *356 determine. Further, in determining a question of support pursuant to section 413 of the Family Court Act, the court is not bound by the child support provisions (or lack thereof) of a foreign divorce decree (Matter of Glass v Glass, 57 Misc 2d 76; Matter of Travis v Travis, 54 Misc 2d 575; Werner v Werner, 204 Misc 1085; Matter of Burns v Burns, 53 Misc 2d 484).
The purpose of the Uniform Support of Dependents Law is "to secure support in civil proceedings for dependent wives, children and poor relatives from persons legally responsible for their support.” (Domestic Relations Law, § 30; cf. Matter of Schneider v Schneider, 72 Misc 2d 423; Matter of Swift v Swift, 65 Misc 2d 1014.)
The U.S.D.L. was specifically enacted to prevent the precise situation which has arisen herein. Subdivision 4 of section 33 of the Domestic Relations Law in pertinent part provides that "notwithstanding the fact that the respondent has obtained in any state or country a final decree of divorce or separation from his wife or a decree dissolving his marriage, the respondent shall be deemed legally liable for the support of any dependent child of such marriage.”
On the basis of the foregoing authorities and petitioner’s unrebutted allegations as set forth above, the court finds that respondent has a continuing obligation to support the children who are the subject of the proceeding herein and that petitioner has submitted a reasonable plan for visitation.
Accordingly petitioner is free to pursue her claim for child support against respondent’s income and assets.
Further, this court, in view of the foregoing authorities and petitioner’s allegations, respectfully requests the California court to reconsider its prior order discontinuing respondent’s obligation to support his children.
U.S.D.L. has provided dependent persons with an extremely useful tool for securing support. However, as this case demonstrates, by their nature U.S.D.L. actions often involve unwieldy procedures and difficult problems as to both the conduct of the proceedings and the enforcement of just obligations.