■ SANFORD SHAPIRO, Appellant, v SHARON SHAPIRO, Respondent.—In a matrimonial action in which the parties were divorced by judgment of the Supreme Court, Nassau County, entered April 27, 1984, the plaintiff husband, incorrectly styled as the defendant, appeals (1) from an order of the same court (Roncallo, J.), dated October 21, 1986, which granted a motion by the wife to the extent of appointing a receiver for the sale of the former marital residence, and (2) from an order of the same court, dated January 20, 1987, which *sua sponte* vacated the prior order and designated a different receiver.

Ordered that the appeal from the order dated October 21, 1986, is dismissed without costs or disbursements, as that order was vacated; and it is further,

Ordered that the order dated January 20, 1987, is affirmed, without costs or disbursements.

The evidence contained in the record shows that there is a distinct question of fact as to whether the plaintiff husband has been cooperative in connection with the sale of the marital residence. The parties had agreed, in a separation agreement, that the property was to be sold by December 1, 1985. Under these circumstances, the court did not abuse its discretion in granting the wife's motion to the extent of appointing a receiver, while further providing that no sale may be

completed without further court approval *(see, Stark v Stark,* 40 AD2d 531).

Denial of the wife's motion would not be warranted solely on the basis of an alleged conflict of interest on the part of her attorney. In the absence of any motion by the husband to disqualify this attorney, we need not pass on whether the wife's attorney should be disqualified. Thompson, J. P., Bracken, Brown, Weinstein and Spatt, JJ., concur.