■ PATRICK ENIGAN, Respondent, et al.; Plaintiffs, v ROYAL INSURANCE COMPANY OF AMERICA, Appellant.—In an action to recover damages for breach of an insurance contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ramirez, J.), dated December 3, 1987, as denied its motion to dismiss the complaint and granted the plaintiff Patrick Enigan's cross motion to add Newark Insurance Company as a defendant.

Ordered that the order is modified by deleting the provision thereof which deems the pleadings amended to add Newark Insurance Company as a defendant nunc pro tunc to the commencement of the action and which deems all pleadings served and substituting therefor an order granting the plaintiff Patrick Enigan permission to join Newark Insurance Company as a defendant and to serve a supplemental summons and amended complaint on Newark Insurance Company; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

We find that the Supreme Court properly denied the defendant's motion to dismiss the complaint, which was apparently made pursuant to CPLR 3211 (a) (1) and/or CPLR 3211 (a) (7). The complaint states a cause of action to recover damages for breach of contract, and the documentary evidence submitted with the·motion, namely, an insurance application, contained ambiguous wording and did not establish the identity of the insurance carrier, as a matter of law *(cf., Dayton v Amity Estates,* 24 AD2d 491). Furthermore, we cannot convert this motion to dismiss into a motion for summary judgment, since the plaintiff would be deprived of "adequate notice" *(Mihlovan v Grozavu,* 72 NY2d 506, 508).

However, we agree with the defendant that there is no statutory basis for the court to have amended the complaint by adding Newark Insurance Company nunc pro tunc "with all pleadings deemed served". Therefore, that provision of the order is vacated and replaced with a provision granting permission to the plaintiff, pursuant to CPLR 1002 (b) and CPLR 305 (a), to join Newark Insurance Company as a party defendant and to serve a supplemental summons and amended

complaint on Newark Insurance Company. Service on Newark Insurance Company shall be in accordance with the applicable statutes *(see,* CPLR 301 *et seq.;* Insurance Law § 1212). Mollen, P. J., Mangano, Kooper and Spatt, JJ., concur.