■ CAROLINE J. NIKROOZ, Respondent, v MASSOUD NIKROOZ, Appellant.—In a matrimonial action, *inter alia,* for equitable distribution of marital property following a foreign judgment of divorce, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Saladino, J.), dated July 11, 1989, as denied his cross motion to dismiss the complaint on the ground of collateral estoppel.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff wife, a British subject, and the defendant, an

Iranian national, were married in Iran on June 14, 1979. They have one child, a daughter, who was born in New York, where the parties resided for most of the marriage. In 1984, the plaintiff returned to England with the child, leaving the defendant in New York, where he subsequently commenced and then abandoned an action for divorce. During the pendency of the New York action, the plaintiff commenced a divorce action in England. Following settlement negotiations during which a property settlement was tentatively agreed to but never executed, the plaintiff obtained a decree dissolving the marriage, which decree became final in May 1988. Although the English decree awarded the plaintiff custody of the child and made provision for visitation by the defendant, it contained no provision for support, maintenance or distribution of marital property.

Virtually simultaneously with issuance of the foreign divorce decree, the plaintiff commenced the instant action, *inter alia*, for equitable distribution of marital assets, including realty located in New York. The plaintiff made a motion to compel the defendant to answer interrogatories and the defendant cross-moved for dismissal of the complaint (*see*, CPLR 3211 [a] [5]; 3212) on the ground that the plaintiff was collaterally estopped by the English decree from pressing any claim for equitable distribution in this country. He also vaguely alluded to equitable estoppel, asserting that, because of her conduct with respect to settlement negotiations, the plaintiff should in fairness be precluded from proceeding with her claims. The defendant's arguments are without merit.

Since the English court which issued the bilateral divorce decree did not address the financial or property issues and since no agreement resolving those issues was finally entered into by the parties, the doctrine of collateral estoppel has no application to the instant action (*see*, Domestic Relations Law § 236 [B] [2], [5]; *Braunstein v Braunstein*, 114 AD2d 46). Furthermore, inasmuch as there is no indication that the defendant changed his position to his detriment in reliance on any act of the plaintiff, principles of equity do not require that she be precluded from maintaining this lawsuit (*see*, *e.g.*, *Werking v Amity Estates*, 2 NY2d 43, 51, 53). We do not reach the defendant's contention that the complaint should be dismissed on forum non conveniens grounds. That contention is not properly before us because the issue was not raised before the Supreme Court and may not be considered for the first time on appeal (*see*, *Schoonmaker v State of New York*, 94

AD2d 741). Eiber, J. P., Harwood, Balletta and O'Brien, JJ., concur.