■ In the Matter of the Estate of JOSEPHINE NICHOLSON, Deceased. E. MAUREEN OLSEN, as Administratrix of the Estate of JOSEPHINE NICHOLSON, Deceased, Appellant; F. PETER NICHOLSON et al., Respondents.—In a proceeding objecting to the intermediate account of the administratrix of the estate of Josephine Nicholson, deceased, the administratrix appeals from an order of the Surrogate's Court, Richmond County (D'Arrigo, S.), dated November 3, 1989, which, upon a finding that the administratrix could not challenge the validity of a Nevada divorce decree obtained by the decedent's former husband, directed that the account be amended to reflect the decedent's one-half interest in the subject real property as a tenant in common.

Ordered that the order is affirmed, with costs payable by the appellants personally.

The decedent and Dr. F. Peter Nicholson were married in 1946. They had seven children during the course of their marriage, including the administratrix, E. Maureen Olsen, and the objectants herein. In 1951, the Nicholsons purchased certain real property in Staten Island as tenants by the entirety. They separated sometime in 1954, and in or about May 1959, Dr. Nicholson procured a divorce decree in the State of Nevada. The decedent had been served with a summons in the action for a divorce but she did not appear in the

Nevada action. Dr. Nicholson subsequently remarried several times, his latest marriage occurring on October 5, 1973.

In December 1975, Dr. Nicholson conveyed all of his interest in the Staten Island property to Olsen. Within two months thereafter Mrs. Nicholson died. Olsen was granted letters of administration of the decedent's estate. Over a decade later Olsen filed an initial accounting, in which she reported that the estate had received $17,500 for the conveyance of the decedent's interest in the Staten Island property to Olsen in her individual capacity. When the objectants challenged Olsen's accounting, she filed an amended account which excluded any reference to the decedent's ownership interest in the Staten Island property, claiming sole ownership of the property for herself. She argued that the Nevada divorce procured by Dr. Nicholson was invalid because he was never domiciled there, and thus it did not alter the tenancy by the entirety. Olsen contended further, that upon the decedent's death, her father's interest, as the survivor of the tenancy by the entirety, was passed on to her by virtue of the 1975 deed.

The objectants again challenged the accounting. The Surrogate's Court held that Olsen could not attack the validity of the Nevada decree and directed that the accounting be amended to reflect the decedent's interest in the property as a tenant in common. We now affirm.

A foreign *ex parte* decree of divorce dissolves the marital status of the parties but, as a general rule, does not affect their property rights, or divest the nonappearing spouse of his or her rights in a New York tenancy by the entirety *(see, Anello v Anello,* 22 AD2d 694; 19 Carmody-Wait 2d, NY Prac § 114:178). However, the party who procures the foreign decree is estopped from claiming that the divorce should be disregarded so that he or she may continue to assert an interest in the tenancy by the entirety to property situated in this State *(see, Knight v Knight,* 31 AD2d 267, *affd* 25 NY2d 957; *Greenhouse Realty v St. George,* 151 AD2d 7, 10). Since Dr. Nicholson was the party who procured the Nevada decree, he would have been estopped from claiming sole ownership of the property as the survivor of the tenancy by the entirety upon the death of his former wife *(cf., Worthing v Cossar,* 93 AD2d 515). The Surrogate correctly determined that Olsen was likewise barred from claiming sole ownership of the property as she stood in the shoes of her father and could take only that interest which he had to convey *(see, V.R.W., Inc. v Klein,* 68 NY2d 560, 566; *Robins v Robins,* 139 AD2d 718, 720). Accordingly, the court properly directed Olsen to file an

amended intermediate account to include the decedent's one-half interest in the subject property. Mangano, P. J., Sullivan, Balletta and Ritter, JJ., concur.