■ MICHAEL O. MATTWELL, Respondent-Appellant, v JANE

G. MATTWELL, Appellant-Respondent. [600 NYS2d 98] —In an action for equitable distribution of marital property after the entry of a foreign judgment which dissolved the parties' marriage, the former wife appeals from (1) an order of the Supreme Court, Nassau County (Yachnin, J.), dated December 19, 1990, which, *inter alia,* denied her cross motion to dismiss, and (2) so much of a judgment of the Supreme Court, Nassau County (O'Brien, J.), entered January 3, 1992, as, after a nonjury trial, directed her to pay the former husband the sum of $250 per month as his equitable share of the former wife's pension and directed the sale of the marital premises, and the former husband cross-appeals from so much of the judgment as awarded him the sum of only $250 per month as his equitable share of the former wife's pension, and awarded her counsel fees.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the sum of $250 from the first decretal paragraph thereof, and by substituting therefor the sum of $400.25; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate amended judgment awarding any arrears of payments to the former husband representing his equitable share of the former wife's pension.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

In *Peterson v Goldberg* (180 AD2d 260, 262), this Court rejected the argument that an action for equitable distribution of property cannot be brought in this State based on an ex parte foreign judgment of divorce because such a divorce "did not affect [the parties'] rights in the New York real property over which the [foreign] courts had no jurisdiction". This Court stated: "a valid ex parte foreign divorce terminates only the marital status of the parties. Such a divorce is 'divisible' in that it has no effect upon the property held by the parties outside of the jurisdiction of the State issuing the judgment *(see, Vanderbilt v Vanderbilt,* 1 NY2d 342, *affd* 354 US 416;

*Lansford v Lansford,* 96 AD2d 832, 834; *Burford v Burford,* 24 AD2d 491; *Anello v Anello,* 22 AD2d 694 * * *. Accordingly, to provide for the distribution of property not affected by a foreign judgment of divorce, Domestic Relations Law § 236 (B) (2) and (5) provide that a divorced spouse who possesses an interest in marital property within this State may commence an action for equitable distribution of property following entry of a foreign judgment of divorce *(see, Nikrooz v Nikrooz,* 167 AD2d 334; *Mahoney v Mahoney,* 131 AD2d 822; *Braunstein v Braunstein,* 114 AD2d 46; *Bennett v Bennett,* 103 AD2d 816)" *(Peterson v Goldberg, supra,* at 262).

In the present case, the former husband claimed an interest in New York marital property. In accordance with the plain language of the governing statutes *(see,* Domestic Relations Law § 236 [B] [2], [5], [9]), and in accordance with our precedent, he may therefore "commence an action for equitable distribution of property following entry of [the ex parte] foreign judgment of divorce" *(Peterson v Goldberg, supra,* at 262).

Inasmuch as "proceedings to obtain * * * a distribution of marital property following a foreign judgment of divorce" fall under the general category of matrimonial actions *(see,* Domestic Relations Law § 236 [B] [2]), the court was statutorily authorized pursuant to Domestic Relations Law § 237 to award counsel fees in this case. We further conclude that the award of approximately $13,000 in counsel fees to the former wife did not constitute an improvident exercise of the court's discretion *(see,* Domestic Relations Law § 237). The award was properly based upon a detailed breakdown of the former wife's legal expenses included in her attorney's affirmation in support of counsel fees.

We agree with the former husband that the court failed to distribute the former wife's pension in accordance with the theories which underlie the Equitable Distribution Law. The parties had been married for almost 40 years and their marriage should be viewed as an economic partnership *(see generally, Majauskas v Majauskas,* 61 NY2d 481; *Ward v Ward,* 101 AD2d 1006). In this particular marital partnership, one party achieved long-term economic success by dint of her steady employment, whereas the other party was a relative economic failure, by virtue of his having engaged in an unprofitable business venture. In a partnership, however, just as the good economic judgment of one partner is a common benefit, the bad economic judgment of another partner must be considered a common liability. With these principles in

mind, we conclude that the former husband should be awarded the sum of $400.25 per month (25% of the sum of $1,601 per month), which represents the net pension benefits received by the wife, as opposed to the $250 per month awarded by the Supreme Court. An award of less than 50% is warranted primarily because the record demonstrates that the husband dissipated and secreted assets *(see,* Domestic Relations Law § 236 [B] [5] [d] [11], [13]; *Contino v Contino,* 140 AD2d 662; *Blickstein v Blickstein,* 99 AD2d 287, 292-294).

We have examined the parties' remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.