■ DONELLE S. YOUNG, Also Known as DONELLE S. KNIGHT, Appellant, v BRUCE W. KNIGHT, Respondent, et al., Defendant. [653 NYS2d 673] —In an action, *inter alia,* for a judgment declaring that the plaintiff is the wife of the defendant Bruce W. Knight, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated August 14, 1995, as granted the motion of the defendant Bruce W. Knight for summary judgment dismissing the complaint.

Ordered that the order is modified, by deleting the provision thereof granting that branch of the defendant's motion which was to dismiss so much of the complaint as may be read to state a cause of action for support, maintenance, and equitable distribution, and substituting therefor a provision denying that branch of the motion and reinstating so much of the complaint as may be so read; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings.

Contrary to the contentions of the plaintiff, the defendant became a domiciliary of the State of Virginia and obtained a valid, ex parte, Virginia judgment of divorce (Va Code Ann §§ 8.01-296, 8.01-316, 20-91 [9]; §§ 20-97, 20-103 [A]; § 20-104). The Virginia judgment terminated the parties' status as husband and wife, and that judgment must be accorded full faith and credit in the courts of New York (*see, Williams v North Carolina,* 317 US 287; *Peterson v Goldberg,* 180 AD2d 260; *Elson v Elson,* 149 AD2d 141).

However, it is equally well settled that the procurement of an ex parte judgment of divorce dissolves only the marital status of the parties, and has no effect upon the property held

by the parties outside of the jurisdiction of the State issuing it, in this case, the State of Virginia (*see, Vanderbilt v Vanderbilt,* 354 US 416; *Peterson v Goldberg, supra; Lansford v Lansford,* 96 AD2d 832, 834; *Burford v Burford,* 24 AD2d 491; *Anello v Anello,* 22 AD2d 694). A divorced spouse who possesses an interest in marital property within this State may commence an action for equitable distribution of that property following the entry of a foreign judgment of divorce (*see,* Domestic Relations Law § 236 [B] [2], [5]; *see also, Mattwell v Mattwell,* 194 AD2d 715, 717; *Peterson v Goldberg, supra; Nikrooz v Nikrooz,* 167 AD2d 334; *Elson v Elson, supra,* 149 AD2d, at 149; *Mahoney v Mahoney,* 131 AD2d 822; *Bennett v Bennett,* 103 AD2d 816, 817). Accordingly, the plaintiff's economic and property rights may be determined in New York, and so much of her complaint as may be read to assert those rights was improperly dismissed. Therefore, the matter is remitted to the Supreme Court, Nassau County, for further proceedings, including, upon the termination of the action, the entry of a judgment declaring that the Virginia judgment of divorce is entitled to full faith and credit in the courts of this State (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Bracken, J. P., Santucci, Altman and McGinity, JJ., concur.