■ RUSSO REALTY CORP., Appellant, v ELISE ORLANDO, Respondent, et al., Defendants. [733 NYS2d 447] —In an action for the partition and sale of real property, the plaintiff appeals (1), as limited by its brief, from stated portions of an order of the Supreme Court, Suffolk County (Hall, J.), dated July 21, 2000, which, *inter alia,* granted that branch of the cross motion of the defendant Elise Orlando which was for leave to serve an amended answer, and (2) from an order of the same court dated September 25, 2000, which granted the motion of the defendant Elise Orlando, in effect, to amend the prior order.

Ordered that the order dated July 21, 2000, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated September 25, 2000, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff realty company, the successor to the interest of the respondent's former husband in the former marital residence, commenced this action for the partition and sale of that property. In a prior order, the Supreme Court found that the title was not controverted, and appointed a Referee pursuant to RPAPL 911. After the Referee issued his final report, the respondent moved, *inter alia,* for leave to serve an amended

answer to assert an affirmative defense that her divorce did not end the tenancy by the entirety, thus barring partition, as well as an affirmative defense and a counterclaim of adverse possession. Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in granting that branch of the respondent's motion which was for leave to serve an amended answer (*see,* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York,* 60 NY2d 957). It is undisputed that under New York's "divisible divorce" rule, the ex parte foreign divorce obtained by the respondent's former husband did not convert the tenancy by the entirety to a tenancy in common so as to give the plaintiff a right to partition (*see,* RPAPL 901 [1]; *Vanderbilt v Vanderbilt,* 1 NY2d 342, *affd* 354 US 416; *Peterson v Goldberg,* 180 AD2d 260; *Matter of Nicholson,* 180 AD2d 685; *Anello v Anello,* 22 AD2d 694). A pleading may be amended to correct a mutual mistake involving the nature of ownership of property (*see, State Farm Fire & Cas. Co. v Southtowns Tele-Communications,* 245 AD2d 1028; *Crivella v Transit Cas. Co.,* 116 AD2d 1007).

The Supreme Court properly declined to address whether the respondent is entitled to contribution from the plaintiff for expenditures on the property. That issue need not be reached, if at all, until the respondent's affirmative defenses and counterclaim are litigated.

The plaintiff's remaining contention is without merit. Santucci, J. P., Altman, Townes and Crane, JJ., concur.