■ RICHARD T. BRAITHWAITE, Respondent, v VIOLA E. BRAITHWAITE, Also Known as VIOLA EDWARDS, Appellant. [749 NYS2d 564] —In an action for the partition and sale of real property, the defendant appeals (1) from an order of the Supreme Court, Queens County (Leviss, J.H.O.), dated June 19, 2001, which denied her motion to set aside a decision of the same court dated May 21, 2001, and (2), as limited by her brief, from so much of a judgment of the same court entered March 7, 2002, as, after a nonjury trial, dismissed her counterclaims.

Ordered that the defendant's notice of appeal from the decision dated May 21, 2001, is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the appeal from the order is dismissed, as no appeal lies from an order denying a motion to set aside a decision (*see Matter of Colonial Penn Ins. Co. v Culley,* 144 AD2d 363); and it is further,

Ordered that the judgment is modified by deleting the provision thereof dismissing so much of the second counterclaim as sought the partition and sale of the marital residence, and substituting therefor provisions awarding the defendant judgment on that portion of the second counterclaim and determining that the parties have an equal interest in the property; as so modified, the judgment is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff former husband and the defendant former wife married in November 1970. They purchased the marital residence as tenants by the entirety in 1982. In July 1985 the defendant abandoned the marital home, while the plaintiff continued to reside there. In August 1985 the defendant sought reentry to the home, but was denied by the plaintiff, who had changed the locks on the doors. The plaintiff continued to reside in the marital home up to the time of commencement of this action.

On March 22, 1994, the defendant obtained an ex parte divorce in Barbados. Thereafter, the plaintiff remarried and continued to live in the former marital home with his new spouse. The defendant also remarried, a fact which was not offered as part of the original record, but only made known to the court in a postjudgment motion. The plaintiff commenced this action for the partition and sale of the marital home, alleging that the parties held title to the property as tenants in common. The defendant served an answer to the complaint, inter alia, with a counterclaim for partition and sale, also alleging that title was held as tenants in common. After a non-jury trial, inter alia, the counterclaims were dismissed on the basis that the foreign divorce decree did not affect the status of the parties as tenants by the entirety and that the parties were, thus, not entitled to seek partition. The defendant appeals, and we modify.

Generally, an ex parte foreign divorce is insufficient to affect the property rights of the former spouses (see Vanderbilt v Vanderbilt, 1 NY2d 342, 352, affd 354 US 416; Young v Knight, 236 AD2d 534, 534-535; Anello v Anello, 22 AD2d 694). However, "unless public policy is affronted, parties to a civil dispute are free to chart their own litigation course" (Mitchell v New York Hosp., 61 NY2d 208, 214) and "may fashion the basis upon which a particular controversy will be resolved" (Cullen v Naples, 31 NY2d 818, 820). Under the circumstances of this case, where at least one of the parties has remarried, and both parties seek partition upon the assertion that they are tenants in common of the former marital home, so much of the second counterclaim as sought the partition and sale of the marital residence should not have been dismissed on the ground, raised sua sponte, that the parties were tenants by the entirety. The defendant is entitled to an interlocutory judgment determining that the parties have an equal interest in the property and directing partition and sale (see RPAPL 915; Bufogle v Greek, 152 AD2d 527, 528; U.S. No. 1 Laffey Real Estate v Hanna, 215 AD2d 552, 553).

The parties' remaining contentions are without merit. Florio, J.P., S. Miller, Townes and Cozier, JJ., concur.