■ JAG MOHAN, Respondent-Appellant, v RANJANA SHARMA, Appellant-Respondent. [874 NYS2d 158]—

In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Orange County (Alessandro, J.), dated August 15, 2007, as denied her motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the grounds of res judicata and collateral estoppel and for an award of an attorney's fee or the imposition of a sanction for commencing a frivolous action, and the plaintiff husband cross-appeals, as limited by his brief, from so much of the same order as denied his cross motion for summary judgment on the cause of action for a divorce on the grounds of abandonment and constructive abandonment and for an award of an attorney's fee or the imposition of a sanction for engaging in frivolous conduct.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the wife's contention, the Supreme Court properly denied her motion to dismiss the complaint. The action is not barred under either res judicata or collateral estoppel principles by virtue of a prior action for divorce commenced by the husband in October 2005, which was dismissed by the Supreme Court in October 2006. In the prior action, the husband did not seek a divorce on the ground of abandonment in either the original complaint or in the amended complaint dated August 17, 2006, but sought a divorce based on cruel and inhuman treatment and constructive abandonment for the wife's refusal to engage in marital relations with him for a period of more than one year beginning in July 2004. The cause of action for a divorce based on constructive abandonment did not require proof of the wife's actual abandonment of the husband. In the present action, commenced by the husband in March 2007, the

basis for his cause of action for divorce is the wife's abandonment of him for more than one year by her refusal to relocate with him on June 1, 2005 when their son demanded that he leave the marital home, since that was not an issue that was actually or necessarily raised in the prior action (*see Xiao Yang Chen v Fischer*, 6 NY3d 94, 100-101 [2005]). Moreover, since the prior action was dismissed, and there was no final judgment of divorce entered, the issue of the dissolution of the marriage, the relief sought here, was necessarily not brought to a final conclusion (*cf. Rainbow v Swisher*, 72 NY2d 106, 110 [1988]).

Furthermore, the only issues necessarily resolved in the prior action were those of the wife's alleged constructive abandonment of the husband due to her alleged refusal to engage in marital relations beginning in June 2004 and the husband's alleged abandonment of the wife in June 2005. Thus, the issue raised by the husband here, that of the wife's alleged abandonment of him since June 2005 is not barred by collateral estoppel principles (*see O'Connell v Corcoran*, 1 NY3d 179, 188 [2003]; *Nikrooz v Nikrooz*, 167 AD2d 334 [1990]; *see generally Buechel v Bain*, 97 NY2d 295, 303 [2001], *cert denied* 535 US 1096 [2002]; *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]; *Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]).

The parties' remaining contentions are without merit. Dillon, J.P., Ritter, Florio and Miller, JJ., concur.