■ DIANE D. MARSHALL, Formerly Known as DIANE D. BONICA, Appellant, v JOSEPH E. BONICA, Respondent. [928 NYS2d 48]—

The Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action for the partition of the parties' former marital residence because an action for partition does not lie with respect to property held as tenants by the entirety and, under New York's "divisible divorce" rule, the ex parte foreign divorce secured by the plaintiff did not convert the parties' tenancy by the entirety to a tenancy in common (see RPAPL 901 [1]; *Vanderbilt v Vanderbilt*, 1 NY2d 342 [1956], *affd* 354 US 416 [1957]; *Russo Realty Corp. v Orlando*, 288 AD2d 289, 290 [2001]).

However, the Supreme Court should have granted that branch of the plaintiff's cross motion which was to amend her reply to add an affirmative defense to the defendant's counterclaims based on the statute of limitations (see CPLR 3025 [b]) and, upon such amendment, to dismiss the defendant's counterclaim for equitable distribution as time-barred. "A . . . counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed" (CPLR 203 [d]), except that if the counterclaim arose from "the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends, it is not barred to the extent of the demand in the complaint notwithstanding that it was barred at the time the claims asserted in the complaint were interposed" (*id.*). Here, however, when this action was commenced in 2008, the defendant's counterclaim for equitable distribution

was already barred by the six-year limitations period set forth in CPLR 213 (1) (*see Walter v Starbird-Veltidi*, 78 AD3d 820, 822 [2010]; *cf. Young v Knight*, 236 AD2d 534, 535 [1997]; *Mattwell v Mattwell*, 194 AD2d 715, 717 [1993]; *Peterson v Goldberg*, 180 AD2d 260, 263-264 [1992]). Moreover, there is no basis upon which to conclude that a counterclaim for equitable distribution, which would involve a mathematical determination of the apportionment of marital property between the parties based on their contribution to the value of that property during the marriage and other relevant factors, arises from the same transaction or occurrences as the cause of action for partition of the marital residence. Even if a cause of action for partition were cognizable between tenants by the entirety, that cause of action presumes that the value of the marital residence has already been apportioned to each party, and seeks only the judicial supervision of the disposition of each share.

The plaintiff's appeal from the order dated October 18, 2010, denying her motion for leave to reargue must be dismissed, as no appeal lies from an order denying a motion for leave to reargue (*see* CPLR 2221 [d]; *Galasso, Langione & Botter, LLP v Liotti*, 81 AD3d 880, 884 [2011]). Angiolillo, J.P., Dickerson, Hall and Roman, JJ., concur. **[Prior Case History: 27 Misc 3d 1211(A), 2010 NY Slip Op 50681(U).]**