Bernhardt v Schneider (2021 NY Slip Op 00407)





Bernhardt v Schneider


2021 NY Slip Op 00407


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-07109
 (Index No. 12519/16)

[*1]Ingrid Bernhardt, etc., appellant, 
v
Edward Schneider, respondent.


Gary J. Dmoch & Associates, Flushing, NY, for appellant.
Elisabeth A. Vreeburg, Kew Gardens, NY, for respondent.



DECISION & ORDER
In an action, inter alia, for the partition of real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered March 27, 2018. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action for partition.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were married in Queens County in 1982 and thereafter purchased certain real property in Rego Park (hereinafter the subject property), taking title as tenants by the entirety. In 1995, the parties separated and the plaintiff moved to Virginia. According to the plaintiff, she commenced an action for divorce in New York in 2007, but the action was dismissed due to her failure to comply with certain deadlines. Subsequently, the plaintiff filed for divorce in Virginia, where she had continued to reside since her separation from the defendant. The plaintiff obtained an ex parte final decree of divorce from the Circuit Court of the City of Richmond, Virginia, which was entered August 30, 2010 (hereinafter the Virginia divorce decree). The Virginia divorce decree stated that the defendant had no nexus with the State of Virginia and the plaintiff was seeking a "bifurcated divorce," asking that all matters relating to equitable distribution be reserved for determination by the New York courts. The Virginia divorce decree granted the plaintiff an absolute divorce from the defendant and reserved equitable distribution for adjudication in the appropriate jurisdiction.
Despite the fact that the Virginia divorce decree expressly left equitable distribution unresolved, the plaintiff did not thereafter commence an action for equitable distribution in New York within the six-year statute of limitations (see Marshall v Bonica, 86 AD3d 595, 596-597; Walter v Starbird-Veltidi, 78 AD3d 820, 822). Instead, on October 28, 2016, she commenced this action seeking, among other things, partition of the subject property. The Virginia divorce decree and the deed for the subject property were attached to the complaint as exhibits. Thereafter, the defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint, contending, inter alia, that the parties owned the subject property as tenants by the entirety, and, therefore, there could be no partition. The defendant recognized that a tenancy by the entirety could be converted to a tenancy in common by a divorce decree, but argued that since the divorce decree here was an ex parte foreign judgment, it had no effect on the ownership of the New York property, and their ownership remained [*2]as tenants by the entirety. By order entered March 27, 2018, the Supreme Court, among other things, granted that branch of the defendant's motion which was to dismiss the cause of action for partition. The plaintiff appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading is to be afforded a liberal construction (see CPLR 3026; Leon v Martinez, 84 NY2d 83, 87). "Initially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail. When evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, again dismissal should not eventuate" (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [citations omitted]; see Leon v Martinez, 84 NY2d at 87-88).
Here, although the complaint alleged that the parties owned the subject property as tenants in common, the deed, which was attached to the complaint, established that they had taken title as tenants by the entirety. Further, the Virginia divorce decree, which also was attached to the complaint, established that the divorce obtained was ex parte with respect to the defendant, over whom the Virginia court lacked personal jurisdiction (see Vanderbilt v Vanderbilt, 1 NY2d 342, 351, affd 354 US 416; Burford v Burford, 24 AD2d 491).
Involuntary partition is not available where the property in question is held as tenants by the entirety (see V.R.W. Inc. v Klein, 68 NY2d 560, 564; Anello v Anello, 22 AD2d 694; cf. General Obligations Law § 3-309). The plaintiff contends that the tenancy by the entirety dissolved by operation of law when the Virginia divorce decree was entered, and that the ownership interest in the subject property transformed from a tenancy by the entirety to a tenancy in common (see Stelz v Shreck, 128 NY 263, 269; Yax v Yax, 240 NY 590; V.R.W. Inc. v Klein, 68 NY at 566; Plancher v Plancher, 35 AD2d 417, 420-421, affd 29 NY2d 880). New York, however, follows the "divisible divorce" doctrine, pursuant to which the ex parte Virginia divorce decree, obtained without personal jurisdiction over the defendant, terminated the parties' status as husband and wife, but had no effect on the defendant's property rights (see Vanderbilt v Vanderbilt, 1 NY2d at 352, affd 354 US 416). In conformity with this doctrine, it is well established that an ex parte foreign divorce decree cannot divest the nonappearing spouse of his or her rights in a New York tenancy by the entirety (see Marshall v Bonica, 86 AD3d 595, 596; Russo Realty Corp. v Orlando, 288 AD2d 289, 290; Young v Knight, 236 AD2d 534, 534-535; Peterson v Goldberg, 180 AD2d 260, 262; Matter of Nicholson, 180 AD2d 685, 686; Lansford v Lansford, 96 AD2d 832, 834; Ackerman v Ackerman, 45 AD2d 856, 856; Rodriguez v Rodriguez, 40 AD2d 531, 531; Buford v Burford, 24 AD2d 491; Anello v Anello, 22 AD3d 694; cf. Elson v Elson, 149 AD2d 141, 149). Contrary to the plaintiff's contention, the full faith and credit clause of the federal constitution requires only that New York recognize that the Virginia divorce decree dissolved the parties' marital status (see Vanderbilt v Vanderbilt, 354 US 416, 418). Thus, the tenancy by the entirety in which the parties own their marital home has not been terminated.
Contrary to the plaintiff's contention, this application of the divisible divorce doctrine does not leave her without a remedy, nor does it create unequal treatment of the spouses. After entry of the Virginia divorce decree, either spouse could have commenced an action in New York to provide for the distribution of the New York property (see Domestic Relations Law § 236[B][2], [5]; Young v Knight, 236 AD2d at 535; Mattwell v Mattwell, 194 AD2d 715, 717; Peterson v Goldberg, 180 AD2d at 262). The plaintiff's failure to bring such an action within the applicable statute of limitations period does not compel a different result with regard to the availability of partition of the marital property.
Accordingly, we agree with the Supreme Court's determination granting that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action for partition.
RIVERA, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court