■ ESTELLE KULAKA, Appellant, v FIRE DEPARTMENT ARTICLE I PENSION FUND et al., Respondents.—In an action for a judgment declaring the plaintiff's entitlement to a pension under a Pension Fund of the Fire Department of the City of New York, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Spodek, J.), entered February 19, 1988, as denied her motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from with one bill of costs to the respondents appearing separately and filing separate briefs.

Charles Kulaka was appointed to the Fire Department of the City of New York in March 1937. In September 1937 he married the plaintiff Estelle Kulaka. In March 1957 Charles retired from the Fire Department. He left Estelle and their five children and moved to California in October 1960. Sometime in May of 1970, Charles commenced an action for a divorce against Estelle in the Superior Court of California, County of Los Angeles. On June 24, 1970, process was served on Estelle by the Deputy Sheriff of the City of New York. Estelle did not interpose an answer or appear in the divorce action.

On December 2, 1970, the Superior Court of California granted an "Interlocutory Judgment of Dissolution of Marriage" which stated in pertinent part: "This interlocutory judgment does not constitute a final dissolution of marriage

and the parties are still married and will be, and neither party may remarry, until a final judgment of dissolution is entered". On February 9, 1971, a final judgment of divorce was granted.

Charles married Lou Inez Grimsely in Nevada on January 16, 1971, before the interlocutory judgment dissolving his marriage to Estelle became final. Charles and Inez lived together until his death on March 1, 1987.

Thereafter, Estelle and Inez each applied to the defendant Fire Department Article I Pension Fund (hereinafter the fund) for an award of a widow's pension in accordance with Administrative Code of the City of New York § 13-309 (a). The administrators of the pension fund were unable to determine entitlement to the pension and refused to pay either party.

Estelle then commenced this action seeking, *inter alia,* a declaration of her entitlement to the pension. Following the joinder of issue, both Estelle and Inez moved for summary judgment claiming entitlement to the pension as a matter of law.

The Supreme Court found that Estelle had no right to the pension as a matter of law because the California judgment of divorce was valid and entitled to full faith and credit.

The court also denied Inez's motion for summary judgment, finding triable issues of fact regarding the validity of her marriage to the decedent.

It is well settled that a foreign divorce judgment made in an action in which both parties were subject to the personal jurisdiction of the court is entitled to full faith and credit by the courts of this State *(see, Williams v North Carolina,* 317 US 287; *Pearson v Pearson,* 108 AD2d 402, *affd* 69 NY2d 919). This rule holds true even if the judgment of divorce is obtained by virtue of substituted service in an action in which the nonresident defendant did not appear, as long as the form and nature of the substituted service meets the requirements of due process and it is shown that the plaintiff was actually domiciled in the State granting the divorce *(see generally,* 1 Foster, Freed and Brandes, Law and the Family New York §§ 9:8, 9:9

Since the plaintiff does not contest the form and substance of the substituted service or dispute that California was the domicile of Charles Kulaka at the time the judgment of divorce was granted, she lacks the requisite grounds to challenge its validity. In view of the fact that the marriage of Charles and Estelle Kulaka was effectively terminated, she has no claim to the widow's pension.

We further note upon searching the record *(see,* CPLR 3212 [b]) that questions of fact exist as to whether Inez and Charles Kulaka were validly married such that her cross motion for summary judgment was properly denied. Bracken, J. P., Rubin, Sullivan and Balletta, JJ., concur.