**Carl D. MASSEY,[1] Petitioner Below, Appellant,**

**v.**

**DCSE/Elizabeth F. BALL, Respondent Below, Appellee.**

Supreme Court of Delaware.

Submitted: Oct. 16, 1990.
Decided: July 10, 1991.
Rehearing Denied Aug. 19, 1991.

Marie C. Bifferato and Norman H. Brooks, Berg, Bifferato, Tighe & Cottrell, P.A., Wilmington, for appellant.

Sherry V. Hoffman, Deputy Atty. Gen., Dept. of Justice, Wilmington, for appellee.

Before CHRISTIE, C.J., HORSEY, and HOLLAND, JJ.

CHRISTIE, Chief Justice.

Carl D. Massey ("appellant", "husband") has appealed an order of the Family Court for New Castle County, Delaware denying his motion to dismiss a notice which made his income subject to withholdings for child support under the terms of the Interstate Withholding Act, 13 *Del.C.* § 401 *et seq.*[2]

---

1. Pursuant to Supreme Court Rule 7(c), the names of the parties in the caption are pseudonyms selected by this Court.

2. Delaware's Interstate Withholding Act was enacted effective July 3, 1985 in accordance with the federal Child Support Enforcement Amendments of 1984. 42 U.S.C. § 666(b) (Supp. IV

1986). In order to receive continued federal financial support for its child support enforcement programs, Delaware (and all other states) was required by the Child Support Enforcement Amendments to "extend its withholding system ... so that such system will include withholding from income derived within such State in cases

He also seeks relief from an order of the Delaware Family Court which attached his wages in accordance with the Interstate Withholding Act and gave full faith and credit to a child support order entered against the appellant by a Wisconsin Circuit Court in 1986. Massey contends that the Delaware Family Court erred in granting full faith and credit to the 1986 Wisconsin child support order because the Circuit Court in Wisconsin lacked personal jurisdiction over him. We find that the Wisconsin court did have personal jurisdiction over Massey through his own consent, and therefore we affirm both orders of the Delaware Family Court.

## I.

The appellant and Elizabeth F. Ball ("appellee", "wife") were married on April 8, 1967 in Antigo, Wisconsin, Ball's hometown. At the time of the marriage appellant was serving in the United States Navy. During the remainder of his enlistment, the couple resided at various times in Florida, Mississippi, California, and Japan. When appellant left military service in 1972, the couple resided in Pennsylvania for approximately fifteen months. In 1973, they moved to Delaware and purchased a home. The parties lived in Delaware until 1979, when Ball left the marital home and moved back to Wisconsin. She took with her their two children, born in 1970 and 1975. Ball has continued to live in Wisconsin, and Massey has continued to live in Delaware since that time.

Ball initiated divorce proceedings in Wisconsin on January 3, 1980. Massey was personally served in Delaware with notice of the divorce action but did not answer the petition. During the next ten months, the parties negotiated a settlement regarding ancillary matters such as the division of marital property, custody, and child support. On October 16, 1980, a trial was held on the divorce petition. Massey did not appear at the proceeding at which the par-

ties were granted a divorce but no decree was issued because Massey was not present to sign the required documents. Five days after the hearing, the parties executed a separation agreement which was intended to be incorporated by reference into a divorce decree. For reasons which remain unclear, no final decree of divorce was issued in 1980.

The separation agreement provides, *inter alia*, that:

(1) The parties would keep their personal property which they already had divided.

(2) Wife would deed her entire interest in the marital residence to Husband in return for $8,071.00.

(3) Wife would have custody of the minor children and would maintain her residence in Wisconsin. Husband would have liberal visitation rights. The children would not be removed from Wisconsin for more than 90 days without written agreement of both parents.

(4) Husband would pay child support to Wife in the amount of $112.50 per child, per month, until the child reached the age of eighteen.

(5) Husband would maintain life and health insurance for the children's benefit and pay all of the children's medical and dental expenses.

The parties further agreed that:

14. Nothing herein contained shall be construed to bar or prevent either party from suing for absolute divorce in any court of competent jurisdiction ... This Agreement ... if acceptable to the Court, shall be incorporated by reference in any decree that may be granted.

15. No modification or waiver of any of the terms ... shall be valid unless in writing and signed by both parties.

The parties agree that since October, 1980 both have faithfully and completely per-

---

where the applicable support orders were issued in other States." 42 U.S.C. § 666(b)(9) (Supp. IV 1986). The purpose of this federal law is to assure that children in all jurisdictions receive their ordered support without regard to the resi-

dence of the children or their parents. See *Interstate Child Support Remedies* 127–38 (ABA Center on Children and the Law) (M.C. Haymes ed. 1989).

formed their duties in accordance with the agreement, including the payment of the stipulated child support by Massey.

In the spring of 1985, Massey decided to remarry and wanted to obtain a certified copy of the divorce decree. Because no written decree existed, Massey retained, through Delaware counsel, a Wisconsin attorney to obtain the decree. The Wisconsin attorney was instructed by Massey's Delaware counsel to "present the attached documents to the Circuit Court for finalization and entry of judgment on Mr. Massey's behalf through an entry of 'special appearance' which will *not* constitute a personal appearance by Mr. Massey in Wisconsin." The separation agreement was among the documents to be presented to the Wisconsin court by Massey's attorney.

On May 8, 1985, counsel for both parties appeared at a meeting with a Wisconsin Circuit Court judge. Minutes of the meeting indicate that it concerned an "Order to Show Cause Why Judgment Should Not Be Entered." In an order dated May 9, 1985, the Wisconsin Circuit Court entered the judgment of divorce effective October 16, 1980, the date of the original hearing. The court incorporated by reference into the decree the separation agreement which Massey's attorney had presented to it. The court stated: "The Court has determined that it has jurisdiction to render this judgment in accordance with the [1980 decision] but makes no decision as to whether it has acquired or has continuing personal jurisdiction over the respondent." *EFM v. CDM*, Wis.Cir.Ct., No. 80–FA–5, Luebke, J. (May 9, 1985) (ORDER).

In July, 1986, Ball filed a motion in the Wisconsin Circuit Court whereby she sought an increase in child support payments based on an allegation that her former husband had an increased ability to pay support. Massey was notified by mail to appear at a hearing in Wisconsin on August 19, 1986, but failed to do so. After a hearing, the Wisconsin Circuit Court entered an order increasing Massey's child support obligation from $225.00 per month to $134.00 per week. *EFM v. CDM*, Wis.

Cir.Ct., No. 80–FA–5, Luebke, J. (Sept. 22, 1986) (ORDER).

In March of 1988, the Delaware Division of Child Support Enforcement filed, on Ball's behalf, a "Verified Notice for Interstate Income Withholding" in the Delaware Family Court. The notice requested attachment of Massey's income to enforce the modified Wisconsin support order. The notice was served by mail upon Massey. Massey moved to dismiss the action for lack of personal jurisdiction and failure of the notice to meet the requirements of 13 *Del.C.* Chapter 4. After a hearing, a Family Court master granted Ball's request for income withholding and ordered the attachment of Massey's wages. Massey requested a trial *de novo* before a judge of the Family Court on his motion to dismiss the action. The requested trial was conducted on October 3, 1989.

At trial, the court treated the action as a pleading by Ball for a full faith and credit registration of the 1986 Wisconsin order which modified the child support provisions of the separation agreement. Massey raised a defense of lack of personal jurisdiction over him by the Wisconsin court. He testified as to factual matters relevant to the jurisdictional issue. The Family Court ruled that the Wisconsin court did have personal jurisdiction over Massey to issue its child support order in 1986. The court ordered attachment of Massey's wages, and he then filed this appeal.

## II.

At various times in the course of this action, the appellant has raised three arguments. On appeal he has not pressed his contentions that: a) the case was not brought properly under the Interstate Withholding Act, and b) the notice which he received of the action of the Wisconsin court in regard to the modification of the child support agreement was inadequate. We agree with the rulings of Family Court that: a) if the order of the court in Wisconsin which modified the child support agreement was valid when it was entered against Massey, the proper method for Ball to enforce it in Delaware was through the

Interstate Withholding Act, and b) the notice provided Massey under the Interstate Withholding Act was adequate. Massey's remaining contention on appeal is that the Circuit Court in Wisconsin lacked personal jurisdiction over him to modify the provisions of the separation agreement.

Article IV, Section 1 [3] of the United States Constitution guarantees that a final judgment entered by a court of one state, consistent with state jurisdictional rules and constitutional due process requirements, will be given full faith and credit recognition and enforcement in other states. *Iowa–Wisconsin Bridge Co. v. Phoenix Finance Corp.*, Del.Supr., 25 A.2d 383, 391, *cert. denied*, 317 U.S. 671, 63 S.Ct. 79, 87 L.Ed. 539 (1942); *Sevison v. Sevison*, Del.Super., 396 A.2d 178, 181–82 (1978); *Bata v. Hill*, Del.Ch., 139 A.2d 159, 165 (1958); *Brown v. Ins. Equities Corp.*, Del.Ch., 187 A. 18, 19 (1936). Judgments or orders which are not final, but modifiable, such as alimony and child support orders, do not technically fall within the purview of the full faith and credit clause.

*Potter v. Potter*, Del.Ch., 251 A.2d 578 (1968). The lack of enforceability across state lines of such decrees under the full faith and credit clause led to the enactment of legislation in the states specifically to enforce alimony and child support orders. In Delaware, the Interstate Withholding Act, 13 *Del.C.* § 401 *et seq.*, [4] ("Act") was enacted on July 3, 1985 to meet this need, and Family Court properly used the Act in this case to attach Massey's wages as a means of enforcing the Wisconsin child support modification order.

The purpose of the Act "is to enhance the enforcement of support obligations by providing a quick and effective procedure for the withholding of income derived in this jurisdiction to enforce support orders of other jurisdictions ..." 13 *Del.C.* 401(a). The Act provides that the receipt of certain documentation pertaining to the entry of a support order in another jurisdiction creates a *prima facie* case that the support order is valid and that the petitioner (obligee) is entitled to income withholding. 13 *Del.C.* §§ 403,[5] 405(a) and (b).[6]

**3.** Article IV, Section 1 of the United States Constitution states in pertinent part:

Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State.

**4.** 65 Del.Laws, c. 115.

**5.** 13 *Del.C.* § 403 states in pertinent part:

*Entry of support order of another jurisdiction for income withholding.*

(a) Upon receiving a support order of another jurisdiction with the documentation specified in subsection (b) of this section from an agency of another jurisdiction, the Bureau of Child Support Enforcement shall file these documents with the Clerk of the Family Court in which withholding is being sought. The Clerk of the Court shall accept the documents filed and such acceptance shall constitute entry of the support order under this chapter.

(b) The following documentation is required for the entry of a support order of another jurisdiction:

(1) A certified copy of the support order with all modifications;

(2) A certified copy of an income withholding order, if any, still in effect;

(3) A copy of the portion of the income withholding statute of the jurisdiction which issued the support order which states the requirements for obtaining income withholding under the law of that jurisdiction;

(4) A sworn statement of the obligee or certified statement of the agency of the arrearages and the assignment of support rights, if any;

(5) A statement of:

a. The name, address and social security number of the obligor, if known;

b. The name and address of the obligor's employer or of any other source of income of the obligor derived in this State against which income withholding is sought; and

c. The name and address of the agency or person to whom support payments collected by income withholding shall be transmitted.

**6.** 13 *Del.C.* § 405 states in pertinent part:

*Income withholding hearing.*

(a) At any hearing contesting proposed income withholding based on a support order entered under § 403 of this title, the entered order, accompanying sworn or certified statement, and a certified copy of an income withholding order, if any, still in effect shall constitute prima facie proof, without further proof or foundation, that the support order is valid, that the amount of current support payments and arrearages is as stated, and that the obligee would be entitled to income withholding under the law of the jurisdiction which issued the support order.

(b) Once a prima facie case has been established, the obligor may raise only those defenses set forth in § 513(b)(3) of this title.

The defendant (obligor) may raise only those defenses set forth in 13 *Del.C.* § 513(b)(3): "a mistake of fact concerning the identity of the parties, the delinquency of payment, or the jurisdiction of the Court." In this case, appellant contends that the Wisconsin Circuit Court lacked personal jurisdiction over him to issue an order modifying the child support provisions of his separation agreement.

### III.

■ The jurisdictional requirements for the entry of orders regarding property division, alimony, and child support are distinct from those for the entry of a divorce decree. A state can issue a divorce based solely on the domicile of the party seeking the divorce. *Williams v. North Carolina,* 325 U.S. 226, 229, 65 S.Ct. 1092, 1095, 89 L.Ed. 1577, *reh'g denied,* 325 U.S. 895, 65 S.Ct. 1560, 89 L.Ed. 2006 (1945); *Fritz v. Fritz,* Del.Supr., 187 A.2d 348, 349 (1962); *Mayer v. Mayer,* Del.Supr., 132 A.2d 617, 621–622 (1957). To address ancillary financial matters, the state must have traditional *in personam* jurisdiction over the defendant. *Estin v. Estin,* 334 U.S. 541, 546–549, 68 S.Ct. 1213, 1217–1218, 92 L.Ed. 1561 (1948); *Cottone v. Cottone,* Del.Family Ct., 547 A.2d 625, 628 (1988).

■ The due process clause of the United States Constitution [7] requires that a court have personal jurisdiction over the parties to an action before it. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 703, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982). However, by consent a party can waive the requirement of personal jurisdiction. *Sternberg v. O'Neil,* Del.Supr., 550 A.2d 1105, 1109 (1988). "[R]egardless of the power of the State to serve process, an individual may submit to the jurisdiction of the court by appearance. A variety of legal arrangements have been taken to represent express or implied consent to the personal jurisdiction of the court." *Ins.*

*Corp. of Ireland, Ltd.,* 456 U.S. at 703–704, 102 S.Ct. at 2105, 72 L.Ed.2d 492, (relying on *National Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311, 316, 84 S.Ct. 411, 414, 11 L.Ed.2d 354 (1964) ("parties to a contract may agree in advance to submit to the jurisdiction of a given court")).

■ Appellant contends in this case that he has never consented to submit to the jurisdiction of the Wisconsin court and, therefore, the proper test for jurisdiction is the one of "minimum contacts" under the opinion of *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Appellant points to his instructions in 1985 to his Wisconsin counsel to enter only a "special appearance" before the Wisconsin court to obtain a divorce decree but avoid general jurisdiction over matters ancillary to the divorce. Appellant's actions in 1985 (through his Wisconsin counsel) were more determinative on the issue of jurisdiction than were his instructions. Not only did Massey's Wisconsin attorney enter an appearance to obtain the divorce decree, he also submitted the separation agreement for incorporation into the decree. We find that by doing so, Massey consented to the Wisconsin court's jurisdiction over not only the divorce, but the ancillary matters addressed by the separation agreement, including custody, child support, and other financial arrangements.

Appellant's position in this case seeks our approval of a notion of "optional jurisdiction". We do not recognize that any such notion exists in the law, and we find its assertion to be illogical. When it was convenient for his purposes, Massey approached the Wisconsin court for issuance of a divorce decree and incorporation of the separation agreement. Now Massey asserts that he can deny the Wisconsin court's ability to modify the separation agreement which he himself presented to it. Although the appellee initiated the divorce suit in a Wisconsin court in 1980, it was the appellant who five years later

The burden shall be on the obligor to establish these defenses.

**7.** Amendment XIV to the United States Constitution states in pertinent part:

Section 1. . . .

No state shall . . . deprive any person of life, liberty or property without due process of law . . .

sought issuance of a decree and the accompanying incorporation of the separation agreement. For Massey to have once submitted the separation agreement to the Circuit Court in Wisconsin but now assert that the same court has no power to modify it is to put forth a contention which we find to be wholly untenable. The separation agreement states that it shall be submitted to a court of "competent jurisdiction" for incorporation into a divorce decree. When Massey submitted the agreement to the Wisconsin court he acknowledged the court's competency of jurisdiction concerning matters ancillary to this divorce. He cannot now choose to deny the same court's ability to modify its rulings. Through his counsel's appearance and actions, appellant consented to the jurisdiction of the Wisconsin Circuit Court over him for matters incident to the divorce, including child support obligations.

## IV.

For the foregoing reasons we find that the Circuit Court in Wisconsin did have jurisdiction as to child support in this case and that its 1986 order modifying the child support provisions was enforceable against appellant because of his prior consent to such Wisconsin jurisdiction. We also find that the enforcement of the child support provisions of the separation agreement as modified by order of the Circuit Court in Wisconsin was properly undertaken against appellant pursuant to the Interstate Withholding Act, 13 *Del.C.* § 401 *et seq.* The judgment of the Family Court denying appellant's motion to dismiss the Verified Notice for Interstate Income Withholding and the Family Court's order of attachment of appellant's wages are AFFIRMED.