■ VIVICE GREEN, Also Known as CLOVER GREEN, Appellant, v ALBERT L. GREEN, Also Known as AL GREEN, Respondent. [669 NYS2d 48] —In an action for a divorce and ancillary relief, the plaintiff wife appeals from an order of the Supreme Court, Nassau County (Franco, J.), dated November 15, 1996, which granted the motion of the defendant husband to dismiss the complaint and denied her cross motion for custody of the parties' child and support.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff wife and the defendant husband were married in Florida on December 7, 1983. For approximately two years following the marriage, the couple resided in Memphis, Tennessee. In March 1985 the wife left the marital residence and came to New York. After more than one year of trying to locate the wife, the husband commenced a divorce action in Tennessee. The summons and complaint were served upon the wife by publication. A Final Decree of Divorce was issued on May 22, 1987, by the Circuit Court of Tennessee for the Thirteenth Judicial District at Memphis. The Tennessee divorce decree, which dissolved the parties' marriage, did not award the wife alimony or any of the husband's property.

In December 1995 the wife commenced this action for a divorce and ancillary relief. According to the wife, she was unaware that a Tennessee court had granted the husband an ex parte divorce. The Supreme Court, Nassau County, granted the husband's motion to dismiss the action based upon the existence of the Tennessee divorce decree.

The wife contends that the husband engaged in extrinsic fraud when he served her by publication in the Tennessee divorce action. The record is devoid of any evidence indicating that the husband engaged in extrinsic fraud in procuring the Tennessee divorce. Moreover, it is well settled that a divorce judgment of a sister State made in an action in which both parties were subject to the personal jurisdiction of the court is entitled to full faith and credit by the courts of this State (*see, Vanderbilt v Vanderbilt*, 354 US 416; *Williams v North Carolina*, 317 US 287; *Kulaka v Fire Dept. Art. 1 Pension Fund*, 145 AD2d 538). The mere fact that the wife was served by publication pursuant to Tennessee's long-arm statute (*see,* Tenn Stat Annot § 20-2-214 [a] [7]) does not affect the validity of the Tennessee judgment (*see, Kulaka v Fire Dept. Art. 1 Pension Fund, supra*). Since the Tennessee court had jurisdiction over the subject matter as well as the wife, Tennessee had jurisdiction to terminate the marital relationship as well as dispose of the economic issues incident to the divorce, and the decree must be given full faith and credit (*see, Lansford v Lansford*, 96 AD2d 832). Accordingly, the Supreme Court properly accorded the Tennessee divorce decree full faith and credit.

The wife's remaining contentions are without merit. O'Brien, J. P., Joy, Friedmann and Goldstein, JJ., concur.