■ FRANCES DE GANAY, Appellant, v THIERRY DE GANAY, Respondent. [701 NYS2d 434] —Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered November 18, 1998, dismissing this action for divorce on the ground of res judicata, unanimously affirmed, with costs.

Prior proceedings have established that prior judgments of the French courts dissolving the parties' marriage and liquidating the marital estate are entitled to enforcement in New York as a matter of comity (*De Ganay v De Ganay*, 261 AD2d 175, *lv denied* 93 NY2d 818). Plaintiff, in this action, now seeks equitable distribution of certain property not specifically addressed in those judgments, but the motion court held that her claims could have been raised in the French proceedings, and dismissed the action as barred by res judicata. We affirm. The parties entered into a prenuptial agreement adopting the separate property regime, which agreement the French judgments, granted comity by this Court, found to be valid, and the French divorce judgment ordered a liquidation of the parties' matrimonial estate, specifically noting that the liquidation was to be in accordance with the separate property regime chosen by the parties. Thus, it is clear on the face of the French judgments that they effected a liquidation of all property owned by the parties. Any question as to the preclusive effect of the French judgments with respect to particular items of property is better left to the French courts, particularly where plaintiff has

instituted proceedings in France to vacate or modify the judgments. Concur—Sullivan, J. P., Williams, Mazzarelli, Wallach and Lerner, JJ.