■ SOPHIE CAHEN-VORBURGER, Respondent, v JEAN-LOUIS VORBURGER, Appellant. [725 NYS2d 343] —Order, Supreme Court, New York County (Joan Lobis, J.), entered January 12, 2001, which denied defendant's motion for leave to renew his prior motion to stay this New York divorce action on the ground that a final judgment of divorce has been issued in France, unanimously affirmed, with costs.

Plaintiff and defendant, both French citizens, were married in New York in 1991, and have resided here continuously since that time. Their two children were born and are being educated in New York. In May of 1998, defendant commenced a divorce action against plaintiff in France. In June of 1998, plaintiff commenced a divorce action against defendant in New York.

The IAS court initially granted defendant's motion for a stay as to all issues pending in the French action except custody, visitation and child support, determining the children to be "habitual residents" of New York pursuant to the provisions of the Hague Convention (*see, Matter of Brennan v Cibault*, 227 AD2d 965). Upon plaintiff's motion to renew based on *Bourbon v Bourbon* (259 AD2d 720), the IAS court vacated the stay, holding that the doctrine of comity did not constitute a ground

for New York to decline jurisdiction. Defendant then moved for leave to renew his prior motion to stay the New York action, urging that a stay should be granted pursuant to CPLR 5306 since the French courts have rendered a judgment in the parties' French divorce action. The relief sought by defendant was properly denied by the IAS court in the order here reviewed. Article 53 of the CPLR is inapplicable in the instant matter, which does not involve a foreign country judgment granting or denying recovery of a sum of money. Moreover, the French divorce judgment does not meet article 53's requirement of finality, as it is presently being appealed by plaintiff and under French law a divorce judgment, while on appeal, is not deemed final. Additionally, CPLR 5301 (b) specifically excludes "a judgment for support in matrimonial or family matters." Finally, even if the French divorce decree is entitled to recognition in this jurisdiction under the doctrine of comity once the appellate process in France has been exhausted, New York courts will nevertheless retain jurisdiction over the issues of custody, visitation and child support (see, Aranoff v Aranoff, 226 AD2d 657). Moreover, the French divorce decree would not resolve any of the equitable distribution claims of the parties.

We find defendant's remaining contentions unavailing. Concur—Andrias, J. P., Lerner, Rubin, Buckley and Marlow, JJ.