■ In the Matter of the Arbitration between SOLOW BUILDING COMPANY, LLC, Appellant, and MORGAN GUARANTY TRUST COMPANY OF NEW YORK, Respondent. [741 NYS2d 856] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered January 14, 2002, which denied petitioner landlord's application to permanently stay an arbitration demanded by respondent tenant of a dispute involving a wage escalation clause in the parties' lease, unanimously affirmed, with costs.

There is no merit to petitioner's claim that the demanded arbitration is barred by res judicata. The prior judgment on which petitioner relies, which vacated a prior arbitration award in favor of respondent because of an appearance of arbitrator partiality (*Matter of Morgan Guar. Trust Co. v Solow Bldg. Co.*, 279 AD2d 431, *lv denied* 96 NY2d 711), rendered the prior arbitration something less than "a complete, final and binding determination of [the] controversy" such as would have triggered the doctrine of res judicata (*Protocom Devices v Figueroa*, 173 AD2d 177, 178; *cf., Matter of Eagle Ins. Co. v Facey*, 272 AD2d 399). Nor is there merit to petitioner's argument that

the prior judgment should be given res judicata effect since it did not expressly order a rehearing, as CPLR 7511 (d) permits the court to do when it vacates an award. Certainly, there is nothing about the prior judgment or its underlying decision to suggest that a rehearing was requested and denied, or that the matter of a rehearing was in any way considered. We have considered petitioner's other arguments and find them unavailing. Concur—Tom, J.P., Andrias, Rubin, Friedman and Marlow, JJ.