■ FABIENNE BOURBON, Appellant, v TONY BOURBON, Respondent. [751 NYS2d 302] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Shapiro, J.), entered September 7, 2001, as, upon renewal and reargument, adhered to its original determination in an order dated February 7, 2001, inter alia, granting the defendant husband's cross motion to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1960 the plaintiff wife and the defendant husband, both French citizens, were married in France. The family lived in France until 1984, when the parties relocated to New York due to the husband's employment. In 1989 the husband became employed at a French-based bank, and he and his family began traveling between New York, where the wife and the children continued to reside, and France. In 1998 the wife commenced the instant action in New York for a divorce and ancillary relief. Approximately one week later, the husband commenced a similar action in France.

Upon the wife's motion for pendente lite relief, the husband cross-moved to dismiss the complaint, asserting lack of personal and in rem jurisdiction. The Supreme Court dismissed

the New York action in June 1998. This Court reversed and reinstated the wife's complaint, determining, inter alia, that the doctrine of comity did not serve as a basis for New York to decline jurisdiction because the French court had rendered a temporary support order and not a final judgment of divorce (*see Bourbon v Bourbon,* 259 AD2d 720).

On March 25, 1999, four days before this Court's decision and order reinstating the wife's complaint, the departmental court of Paris issued a divorce decree pronouncing the divorce of each party against the other. The decree awarded alimony and child support, and set the terms of custody and visitation. The decree further delegated to a public official the process of liquidating the vested interests of the parties pursuant to their prenuptial agreement and granted the wife beneficial ownership of the parties' residence in Larchmont for a period of 10 years. Based on the French decree, the Supreme Court, on February 7, 2001, denied the wife's motion for pendente lite relief and once again granted the husband's cross motion to dismiss the complaint.

On March 21, 2001, a French appellate court, the Cour D'Appel De Paris, confirmed the decree of the departmental court except for the award of alimony, which it modified by awarding the wife a lump-sum payment, reducing the monthly alimony payments, and allowing her use of the Larchmont home until January 1, 2004. The decision referred to the division of joint assets which would provide each of the parties with significant capital.

In April 2001 the wife moved for leave to reargue and renew the Supreme Court's February 7, 2001, determination in the action at bar, and the husband opposed, arguing, inter alia, that the court adhere to its prior determination and recognize the French divorce decree under the doctrine of comity. The Supreme Court granted the motion for leave to reargue and renew, and adhered to its prior determination.

New York courts will generally accord recognition to bilateral foreign judgments of divorce under the doctrine of comity (*see Greschler v Greschler,* 51 NY2d 368, 376). These duly-recognized foreign judgments thereafter are immune from collateral attack in the New York courts by a party who properly appeared in the foreign divorce action, absent some showing of fraud or a violation of a strong public policy of the State (*see Greschler v Greschler, supra; Rabbani v Rabbani,* 178 AD2d 637).

In the case at bar, the wife failed to adduce evidence demonstrating that the French court did not have jurisdiction over

her. The record includes the translation of minutes of the French proceedings which indicate that the wife's claim of lack of jurisdiction was rejected and that she was represented by counsel throughout the proceedings. Furthermore, she failed to demonstrate fraud or a violation of public policy. Accordingly, the Supreme Court properly recognized the French divorce decree under the doctrine of comity. While expert testimony demonstrated that under French law a divorce, while on appeal, is not enforceable, the record does not demonstrate that either party filed a notice of appeal of the determination of the Cour D'Appel within the requisite time period (*see Cahen-Vorburger v Vorburger,* 284 AD2d 141, 142).

Finally, the wife's claim for equitable distribution is barred by the doctrines of res judicata and collateral estoppel, as the French decree ordered a liquidation of the parties' marital estate (*see De Ganay v De Ganay,* 269 AD2d 157; *Braunstein v Braunstein,* 114 AD2d 46, 52).

The wife's remaining contentions are without merit. Feuerstein, J.P., Smith, O'Brien and Adams, JJ., concur.