Polgar v Focacci (2003 NY Slip Op 23953)

Polgar v Focacci

2003 NY Slip Op 23953 [2 Misc 3d 836]

December 22, 2003

Supreme Court, New York County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, May 5, 2004

[*1]
Katalan Polgar, Plaintiff,
v
Mauricio Focacci, Defendant.
Supreme Court, New York County, December 22, 2003

APPEARANCES OF COUNSEL

Coblence & Warner, P.C., New York City (Rita Warner of counsel), for defendant. Herman Sloan Robarge & Sullivan LLP, New York City (Robert Moses of counsel), for plaintiff.

{**2 Misc 3d at 837} OPINION OF THE COURT

Judith J. Gische, J.
Defendant moves to dismiss that part of plaintiff's complaint which seeks the ancillary reliefs of custody, child support and spousal support. He claims that such issues have been fully litigated in the Italian courts and are barred here by principles of res judicata. Plaintiff opposes the motion and, instead, cross-moves to discontinue this divorce action, in its entirety and without prejudice. Defendant opposes the cross motion. He argues that there is no reason why these parties should delay ending their marriage. He is also claiming that because the Italian decree is res judicata, any dismissal of the ancillary issues should be made on the merits and with prejudice. Defendant fears that if plaintiff is allowed to discontinue this case without prejudice she will continue to bring in seriatim actions for the same relief.
There is a convoluted procedural history of legal proceeding between these parties both in Italy and New York State. Understanding that history is important to the court's decision on these motions.
The parties were married on March 9, 1995 and lived together in Italy. They have one child, C., born in 1995. Plaintiff also has a child from a prior relationship.
On January 22, 1998, in Italy, plaintiff filed criminal charges against defendant, claiming herself as a victim of domestic violence throughout their marriage. She also fled the marital home with the children at that time and has, since, lived in New York City. At or about the same time defendant filed criminal charges against plaintiff claiming that she had abducted the parties' daughter. On April 14, 2003 each party was acquitted of the crimes for which they stood accused.
On February 10, 1998 plaintiff filed an action in Italy for separation, custody and support. [*2]She also instituted a custody proceeding in the New York State Supreme Court. In March 1998 defendant filed an action in the United States District Court seeking the return of the parties' child in accordance with the applicable provisions of the Hague Convention.
In August 1998 plaintiff moved for permission to discontinue the New York State custody action without prejudice. Defendant opposed only to the extent that he argued that any such discontinuance should be with prejudice. The court, however, permitted discontinuance based upon the continued jurisdiction of {**2 Misc 3d at 838}the Italian court's overall custody issues. Since the decision did not specify whether it was with or without prejudice, it is deemed to be without prejudice. (CPLR 3217 [c].) On September 28, 1998 the Hague petition was dismissed by the federal court based upon plaintiff (respondent therein) having agreed to submit to the jurisdiction of the Italian court.
The Italian civil separation action continued. While that action was pending, on July 24, 2001, plaintiff instituted the instant action for divorce and for ancillary relief, including equitable distribution, custody, child support, spousal support and counsel fees. On March 20, 2002 the Italian court issued a decision in the Italian separation proceeding. The Italian court found that the parties were entitled to a judicial decree of separation. The court further found that both parties were at fault and, therefore, denied the applications for alimony. Plaintiff was given custody of C. Defendant was awarded annual visitation with C., in Italy, every July 1 through July 31 and for 10 days during the Christmas vacation period. Defendant was also directed to pay child support in the amount of $413.17 euros per month and 50% of all medical, schooling and extraordinary expenses. The decision of the Italian court was affirmed on appeal.
Meanwhile this New York State divorce action was still pending. C. expressed her reluctance to visit with her father and her recollection of his having done "bad" things while the parties lived together. The parties disputed the origin of C.'s fears; plaintiff claiming that they were the recollections of a child living in an abusive household and defendant claiming that they were the result of the mother's brainwashing. Efforts were made by both parties to utilize therapeutic visits between the defendant and C. as a means of rehabilitating their damaged relationship. These efforts, however, were made extremely difficult by the fact that defendant resides primarily in Italy. Eventually the parties reached a stalemate on even the issue of therapeutic visits and they were discontinued.
Other than trying to bridge the gap on the issues regarding C., the action in New York floundered. This was in some measure due to the fact that plaintiff had a succession of attorneys and, for a time, was even self-represented.[FN1] 

This action was also stalled because defendant was not often in the United States and {**2 Misc 3d at 839}his attorney correctly argued that the court needed to address the jurisdictional issues before proceeding with the merits. Whatever the reasons, it is clear that the case has not really progressed.
In the meantime defendant was also pursuing his legal remedies in Italy based, among other things, upon plaintiff's failure to make the child available for visitation. Plaintiff is facing criminal charges in Italy which are scheduled for trial in February 2004.
Defendant's counsel eventually brought the instant motion to dismiss. Styled as a motion made pursuant to CPLR 3211, it was brought before any answer had been interposed in the [*3]case. Defendant is only moving to dismiss certain of the ancillary prayers for relief. After plaintiff cross-moved to withdraw the entire divorce action, without prejudice, defendant interposed an answer containing a counterclaim for divorce.

Discussion

CPLR 3217 (a) permits a party to discontinue an action by notice under certain circumstances. If those circumstances are not present, then a party still has the right to ask the court for an order discontinuing an action. CPLR 3217 (b) provides that the court may grant an order of discontinuance upon such terms and conditions as may be just. Ordinarily a plaintiff has the right to discontinue a pending action at any time, unless substantial rights have accrued or the adversary's rights would be prejudiced thereby. (Louis R. Shapiro, Inc. v Milspemes Corp., 20 AD2d 857 [1st Dept 1964].) It is clear that once an answer has been served, the plaintiff's right to discontinue by notice is lost. (See CPLR 3217 [a]; McMahon v McMahon, 279 AD2d 346 [1st Dept 2001].) The statutory and case law are less clear about whether the right to discontinue by notice is lost when a preanswer CPLR 3211 motion is made. This court holds that the right to discontinue by notice is lost when a motion is made pursuant to CPLR 3211 because a disposition of the dismissal motion may put a more conclusive end to litigation. The movant should not automatically lose the right to a merits determination under such circumstances. (See Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3217:8; Lui v Chinese-American Planning Council, 300 AD2d 80 [1st Dept {**2 Misc 3d at 840}2002].)[FN2] 

The decision to allow discontinuance under such circumstances should be made along with consideration of the merits of the dispositive motion.
At bar defendant's dispositive motion to dismiss only addresses the issues of custody and support. Consequently this court's determination of plaintiff's request for discontinuance of those issues is considered separately from the determination of the request to discontinue the divorce and equitable distribution issues. Separate consideration of such issues is also warranted because custody and support are ancillary issues that can exist independently of a divorce action, while equitable distribution is dependant upon there being a successful action for divorce. (Family Ct Act, art 6, §§ 651-656; Jancu v Jancu, 241 AD2d 316 [1st Dept 1997].)
Plaintiff claims that she should be entitled to discontinue her action for divorce because she is being forced by defendant's active pursuit of his rights in Italy to also litigate in that country. She claims that she cannot afford either financially or emotionally to litigate in both countries. Defendant wants plaintiff to proceed with her action for divorce in this country, because he also wants to end their marriage and he wants it done expeditiously. He claims that he should not be deprived of the ability to dissolve this marriage in this case.
There is no reason to compel plaintiff to proceed with a divorce in this matter. Defendant, an Italian citizen, has no particular entitlement to have his marriage terminated in this country and his untimely counterclaim cannot be used as a basis to keep the issues of the status of the marriage in this state's courts. (Zuckerman v Zuckerman, 105 AD2d 782 [2d Dept 1984].) Defendant has not accrued any substantial rights in this action. Indeed the action has hardly [*4]progressed. He is not prejudiced by the discontinuance of this action because he can pursue an action for divorce in Italy. Thus, to the extent that plaintiff seeks to discontinue, without prejudice, her claim for divorce, the cross motion is granted. To the extent that plaintiff also seeks to discontinue, without prejudice, her dependent ancillary claim for equitable distribution, the cross motion is likewise granted.{**2 Misc 3d at 841}
Defendant claims that the issues of custody and support were fully litigated in the Italian separation proceeding and that the Italian decree should be given comity. Moreover, he argues that the Italian decree is res judicata on relevant issues. Finally he claims that because the Italian decree was registered in this court on August 19, 2003 and plaintiff failed to contest the validity of the decree within the requisite time after receiving notice of such registration, she is precluded from attacking the decree in this forum. (Domestic Relations Law § 77-d [Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA)].) Thus framed, the issue between the parties is not whether the support and custody claims should be discontinued in this court, but whether the discontinuance should be with or without prejudice.
The registration of the Italian decree under the requirements of the UCCJEA affects only the custody provisions in such decree. While such registration precludes the party receiving notice thereof from contesting whatever custody provisions may be contained in the decree, it does not automatically follow that the decree is res judicata on the issues asserted therein. The decree must otherwise provide a legal basis for the preclusive relief that is being sought.
In the case of foreign decrees, issues of comity and res judicata are interrelated. In general, New York courts will recognize bilateral foreign judgments under the doctrine of comity. These duly-recognized foreign judgments are thereafter immune from collateral attack in the New York courts by a party who appeared in the foreign action, absent some showing of fraud or violation of a strong public policy of the State. (Bourbon v Bourbon, 300 AD2d 269 [2d Dept 2002]; Azim v Saidazimova, 280 AD2d 566 [2d Dept 2001].) Both comity and res judicata require that there have been a final adjudication of the issues presented. (Solow Bldg. Co. v Morgan Guar. Trust Co. of N.Y., 294 AD2d 224 [1st Dept 2002]; Bourbon v Bourbon, supra.) Consequently, unless the foreign decree is a final adjudication of the matters asserted therein, it is not entitled to comity or res judicata effect, even if it is otherwise a valid decree.
Both parties agree that the Italian decree is one for legal separation. Although the court is not provided with either a translation of the applicable Italian statutes or an affidavit from an Italian lawyer, the parties agree that a separation action is the required legal predicate for the filing of a later divorce action. They disagree, however, about whether the court can consider {**2 Misc 3d at 842}de novo issues related to custody and support in an Italian divorce. Plaintiff argues that she may raise these issues again in any subsequently commenced divorce action. If the Italian courts give the parties a de novo review of these issues in a divorce action, certainly the New York courts can do no less.
In order for the court to make any determination regarding Italian law, it needs, at a minimum, affidavits from Italian lawyers, who are presumably experts in Italian law, to advise on the proper interpretation of such law. (CPLR 4511 [d].) Since the issues of Italian law are not fully developed on this motion, the court declines to make a determination one way or the other on the merits of the parties' legal positions regarding the interpretation of such laws. Accordingly, plaintiff's motion to discontinue without prejudice is granted as to the issues of [*5]custody and support and without prejudice to defendant's defenses of comity and res judicata should plaintiff file a new action for divorce in this state. The court notes that defendant's fears that plaintiff will now be free to file and withdraw multiple actions for the same relief is misplaced. CPLR 3217 (c) prohibits plaintiff from filing another divorce action based upon the same facts and claims, only to withdraw it unless such withdrawal is "with prejudice."
The court denies defendant's collateral claim for attorney's fees. The request is based upon defendant's claim that this litigation is abusive and duplicative. The request is denied. In the absence of showing that plaintiff is the monied spouse, defendant's claim for fees based upon bad conduct must be made pursuant to a 22 NYCRR part 130 request for sanctions. Even had such a request been made, it would have been denied because plaintiff's conduct was not frivolous. Indeed, she has prevailed on this motion. (Silverman v Silverman, 304 AD2d 41 [1st Dept 2003].)

Conclusion

In accordance with this decision, defendant's motion to dismiss certain parts of this action is denied, without prejudice. His motion for legal fees is also denied. Plaintiff's motion to discontinue this action without prejudice is granted in its entirety.

Footnotes

Footnote 1: Plaintiff's representation problems were in large part due to financial considerations.

Footnote 2: In this case defendant's motion to dismiss was made before plaintiff's motion to discontinue. The answer, however, was not interposed until after the motion to discontinue was made. The answer does not impact one way or the other on the motion to discontinue.