■ Peter Somma, Appellant, v Tiziana Somma, Respondent. [797 NYS2d 523]—

In an action, inter alia, for a declaration of the validity of a foreign judgment of divorce and for the equitable distribution of marital property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Barros, J.), dated July 9, 2004, as granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground that the action is barred by the doctrine of res judicata.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for the equitable distribution of the parties' marital property, and the entry of a judgment thereafter, inter alia, declaring that the subject Delaware divorce decree is entitled to full faith and credit in the courts of this state.

"[A] divorce judgment of a sister State made in an action in which both parties were subject to the personal jurisdiction of the court is entitled to full faith and credit by the courts of this State (*see, Vanderbilt v Vanderbilt*, 354 US 416; *Williams v North Carolina*, 317 US 287; *Kulaka v Fire Dept. Art. I Pension Fund*, 145 AD2d 538)" (*Green v Green*, 246 AD2d 627, 628 [1998]). However, "an ex parte foreign divorce is insufficient to affect the property rights of the former spouses" (*Braithwaite v Braithwaite*, 299 AD2d 383, 384 [2002]). To address ancillary

financial matters, a state must have in personam jurisdiction over the defendant (*see Estin v Estin*, 334 US 541, 546-549 [1948]; *Massey v Ball*, 595 A2d 390, 394 [Del 1991]). "[T]he procurement of an ex parte judgment of divorce dissolves only the marital status of the parties, and has no effect upon the property held by the parties outside of the jurisdiction of the State issuing it" (*Young v Knight*, 236 AD2d 534, 534-535 [1997]).

Here, it is undisputed that the Delaware Family Court which dissolved the parties' marriage by a decree dated August 28, 2003, as amended September 25, 2003, did not have in personam jurisdiction over the defendant (*cf. O'Connell v Corcoran*, 1 NY3d 179 [2003]; *De Ganay v De Ganay*, 269 AD2d 157 [2000]; *Green v Green, supra* at 628). Accordingly, "[w]hile [that] Court [had] jurisdiction to grant a divorce after mailing and publication of process, the marital status being *in rem*, the same is not true with respect to resolution of ancillary matters which require *in personam* jurisdiction" (*Cottone v Cottone*, 547 A2d 625, 628 [Del Fam Ct 1988]; *see Massey v Ball, supra* at 394; *Villarroel v Villarroel*, 562 A2d 1180, 1184 [Del 1989]; *Hurtt v Hurtt*, 1991 WL 318787, 1991 Del Fam Ct LEXIS 52 [Del Fam Ct, Nov. 18, 1991]). Since the doctrine of res judicata only applies to claims that were litigated or could have been litigated in a prior action (*see O'Connell v Corcoran, supra* at 184-189; *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]), the Supreme Court erred in dismissing the plaintiff's complaint. Accordingly, we remit the matter to the Supreme Court, Kings County, for the equitable distribution of the parties' marital property, and thereafter, inter alia, for the entry of a judgment declaring that the Delaware divorce decree is entitled to full faith and credit in the courts of this state (*see Young v Knight, supra* at 535; *Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). H. Miller, J.P., Schmidt, Adams and Goldstein, JJ., concur.