◼ In the Matter of THOMAS SANNUTO, JR., Appellant, v JEANNETTE PALMA-SANNUTO, Respondent. [820 NYS2d 112]—

In a proceeding pursuant to Family Court Act article 4 to terminate spousal support, the petitioner appeals from an order of the Family Court, Suffolk County (Simeone, J.), dated October 5, 2005, which denied his objections to an order of the same court (Grier, S.M.) dated August 15, 2005, which, without a hearing, granted the motion of the former wife to deny the petition and denied his cross motion to stay the proceeding.

Ordered that the order is affirmed, with costs.

A divorce judgment of a sister state made in an action in which both parties were subject to the personal jurisdiction of the court is entitled to full faith and credit by the courts of this state (*see Somma v Somma*, 19 AD3d 477, 477 [2005]; *Green v*

*Green,* 246 AD2d 627, 628 [1998]). However, the procurement of an ex parte judgment of divorce only dissolves the marital status of the parties, and has no effect upon the property held by the parties outside the jurisdiction of the state issuing it (*see Somma v Somma, supra* at 478; *Young v Knight,* 236 AD2d 534, 534-535 [1997]; *Mattwell v Mattwell,* 194 AD2d 715, 716 [1993]).

Contrary to the petitioner's contention, "a New York support order is not terminated by a subsequent out-of-State divorce decree when the foreign State does not acquire in personam jurisdiction of the New York domiciled spouse in the divorce action" (*Matter of Rochetti v Rochetti,* 236 AD2d 543, 544 [1997]; *see Matter of La Duke v La Duke,* 110 AD2d 930, 931-932 [1985]; *Matter of Slemons v Slemons,* 28 AD2d 634 [1967]). The record clearly established that the Florida court which dissolved the parties' marriage by a decree dated December 16, 2005, did not have in personam jurisdiction over the former wife. Thus, the petitioner failed to make a prima facie showing of entitlement to relief and the petition was properly denied without a hearing (*see Matter of Fein v Gilchrist,* 23 AD3d 558, 559 [2005]; *D'Alesio v D'Alesio,* 300 AD2d 340, 341 [2002]).

The petitioner's remaining contention is without merit. Crane, J.P., Spolzino, Fisher and Lunn, JJ., concur.