■ McNAMEE CONSTRUCTION CORP., Plaintiff, v CITY OF NEW ROCHELLE, Defendant and Third-Party Plaintiff-Appellant. DES-

MAN ASSOCIATES et al., Third-Party Defendants-Respondents. [875 NYS2d 580]—In an action to recover damages for breach of a construction contract, the defendant third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered January 23, 2008, as granted that branch of the motion of the defendants third-party defendants which was for summary judgment dismissing its claim for common-law indemnification on the ground of res judicata.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants third-party defendants which was for summary judgment dismissing the third-party claim for common-law indemnification on the ground of res judicata is denied.

Under the doctrine of res judicata, or claim preclusion, "a judgment on the merits by a court of competent jurisdiction is res judicata and 'forecloses a party from relitigating a cause of action which was the subject matter of a former lawsuit or from raising issues or defenses that might have been litigated in the first suit' " (*Sherman v Ansell*, 207 AD2d 537, 537 [1994], quoting *Chisholm-Ryder Co. v Sommer & Sommer*, 78 AD2d 143, 144 [1980]; *see Town of New Windsor v New Windsor Volunteer Ambulance Corps, Inc.*, 16 AD3d 403, 404-405 [2005]).

Here, the Supreme Court should not have awarded summary judgment to the defendants third-party defendants dismissing the third-party claim for common-law indemnification on the ground of res judicata. That claim is not res judicata insofar it pertains to new allegations in the amended complaint (*see Somma v Somma*, 19 AD3d 477, 478 [2005]). Mastro, J.P., Covello, Eng and Leventhal, JJ., concur.