■ ARIE GENGER, Appellant, v SAGI GENGER, Respondent. [929 NYS2d 232]—

Plaintiff Arie Genger (Arie) was the defendant in a divorce action commenced by his wife, Dalia Genger (Dalia). In connection with that action, Arie and Dalia entered into a written stipulation of settlement, in which they agreed that their son, defendant Sagi Genger (Sagi), was to be appointed attorney-in-fact under a power of attorney, with the power to allocate certain marital assets so as to effect an equal distribution of those assets. Relying on the power of attorney, Sagi instructed that ownership of certain instruments under which he was indebted to Arie—four promissory notes and a stock purchase agreement—be transferred to Dalia. When Arie failed to comply with Sagi's instructions, Dalia filed a motion to hold him in contempt.

Arie cross-moved for removal of Sagi as attorney-in-fact, on the ground, among others, that Sagi had engaged in self-dealing by unilaterally reallocating ownership of the notes and stock purchase agreement to Dalia.

The court presiding over the divorce action granted Arie's cross motion to have Sagi removed as attorney-in-fact, concluding that Sagi had "an irreconcilable conflict of interest that prevent[ed] him from properly exercising his fiduciary duties to [Arie]." The court also directed that the parties arbitrate, among other issues, the dispute over the notes and the stock purchase agreement. After a 14-day hearing, the arbitrator rendered a final arbitration award that, while making findings as to certain other issues, disavowed jurisdiction over claims concerning the notes and the stock purchase agreement.

Arie subsequently commenced the instant action, which seeks a money judgment against Sagi on the notes and the stock purchase agreement. Supreme Court granted Sagi's pre-answer motion to dismiss the complaint. We now modify as indicated.

Initially, we find that Arie's purported lack of standing to sue on the notes or the stock purchase agreement does not form a proper basis for the motion to dismiss. The motion court erred in finding that the instruments had been transferred to Dalia and that Arie therefore lacked standing to sustain the action. The record presents substantial factual issues concerning the notes' ownership. By memorandum dated November 25, 2006, Sagi issued instructions that the notes were to be transferred to correct an imbalance in the distribution of marital assets, and instructed the parties to "execute document(s) specifically recognizing the ownership of each asset allocated to the other." However, the record does not show definitively that the transfer was effected. Indeed, in her affidavit submitted in support of Sagi's motion to dismiss, Dalia states that Arie "refused to comply with the [i]nstructions."

Further, the court presiding over the divorce action, on Arie's motion, removed Sagi as attorney-in-fact because of a conflict of interest, specifically mentioning Sagi's transfer of the notes and the stock purchase agreement. Sagi asserts that, although he was removed as attorney-in-fact, the court did not set aside his instructions. Arie, however, apparently failed to comply with the instructions' direction to execute documents specifically recognizing Dalia's ownership in the notes and stock purchase agreement. The record thus leaves open the question of whether the transfer of ownership ever took place. Sagi's assertion that two of the notes' maturity dates were modified so that those notes are not yet due similarly begs the question, especially

with respect to whether Sagi properly discharged his fiduciary duties to Arie.[1]

In light of the foregoing, a question exists as to the ownership of the notes and the stock purchase agreement, and this question is not definitively resolved by the documentary evidence on which Sagi relies. In granting Sagi's motion to dismiss, the court improperly assumed the answer to the very question raised by the complaint—namely, whether the ownership of the disputed instruments actually changed (*see Gutierrez v Bernard*, 27 AD3d 377, 378 [2006]). This issue cannot be resolved at the pleading stage (*see Emigrant Bank v UBS Real Estate Sec., Inc.*, 49 AD3d 382, 383 [2008]).

Moreover, even apart from the uncertainty regarding the occurrence of the transfer, the documents underlying the complaint raise the question of whether Sagi actually had the power to transfer the notes or the stock purchase agreement to Dalia. The power of attorney, read in conjunction with the stipulation pursuant to which the power of attorney was executed, gave Sagi the power to dispose of those assets that were listed on the schedule attached to the power of attorney; however, neither the notes nor the stock purchase agreement was listed on the schedule. Further, while the stipulation states that Sagi had the power to sell assets and distribute the proceeds from the sale, it nowhere states that he had the power to transfer or assign assets from one party to the other. The documentary evidence, far from establishing Sagi's authority to effect the transfers in question, raises an issue as to the existence of such authority that cannot be resolved on a motion to dismiss pursuant to CPLR 3211 (a).

As to the contention that the complaint should be dismissed on the basis of a prior arbitration and award, the arbitrator rendered no award concerning the notes and the stock purchase agreement. Therefore, the arbitration has no preclusive effect on those issues. Preclusive effect will not be given to a prior decision if the particular issue was not "actually litigated, squarely addressed[,] and specifically decided" (*Ross v Medical Liab. Mut. Ins. Co.*, 75 NY2d 825, 826 [1990]). Here, the award recites that the arbitrator disavowed jurisdiction over issues regarding the notes, specifically declining to render any award regarding that issue (*see Papapietro v Pollack & Kotler*, 9 AD3d 419, 419-420 [2004]; *see also* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:21). The arbitrator also rendered no award regarding the stock purchase agreement

---

1. In any event, one of the modifications stated that the note came due on July 10, 2010.

and disavowed jurisdiction over that issue. Therefore, the issues regarding the notes and the stock purchase agreement were not determined in the prior arbitration proceeding, and the doctrine of arbitration and award does not bar Arie's action against Sagi (*Crespo v 160 W. End Ave. Owners Corp.*, 253 AD2d 28, 33 [1999]; *see also Matter of Solow Bldg. Co. [Morgan Guar. Trust Co. of N.Y.]*, 294 AD2d 224 [2002], *lv denied* 98 NY2d 611 [2002]).[2]

We further find that, with one exception, the causes of action pleaded in the complaint are legally sufficient. The complaint's allegations that Sagi executed promissory notes and a stock purchase agreement obligating him to make certain payments to Arie, and that Sagi failed to make payment on these instruments when due, despite Arie's demands, are sufficient to state the first, second, fourth and fifth causes of action. However, the documentary evidence establishes a defense to the third cause of action, which is based on the note dated April 6, 2004 for $1,000. The note of April 6, 2004 is unsigned, and thus fails to meet the requirements for an enforceable promissory note (*see* UCC 3-104 [a]). Nothing in the record suggests that a signed copy of this note exists.

Finally, Dalia should have been joined as a party to this action, because her rights, if any, in the subject instruments might be inequitably affected by a judgment (*see* CPLR 1001 [a]). Furthermore, Sagi could well be placed in the position of being obligated to both his parents separately for the same debts. However, the complaint need not be dismissed on this basis (*see Leeward Isles Resorts, Ltd. v Hickox*, 61 AD3d 622 [2009]). Concur—Tom, J.P., Friedman, DeGrasse, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 2009 NY Slip Op 31824(U).]**

---

**2.** We observe that the arbitrator's disavowal of jurisdiction left Arie without any effective arbitration remedy with respect to the notes and the stock purchase agreement. An arbitral award cannot be attacked on the ground that an arbitrator refused to consider, or failed to appreciate, particular evidence or arguments (*see Matter of Solow Bldg. Co. v Morgan Guar. Trust Co. of N.Y.*, 6 AD3d 356 [2004], *lv denied* 3 NY3d 605 [2004], *cert denied* 543 US 1148 [2005]; *see also Matter of Wabst v Scoppetta*, 56 AD3d 399 [2008]). What is more, the notes and the stock purchase agreement do not contain arbitration clauses.