Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered May 14, 2012, which, inter alia, granted defendant Dalia Genger’s motion, pursuant to CPLR 3211 (a), dismissing the complaint, unanimously reversed, on the law, without costs and the motion denied.
We disagree with the Supreme Court’s finding that it was the province of the auditor to make the initial determination as to whether the notes at issue were marital assets, and that it was then the province of the arbitrator to make the final determination if plaintiff Arie Genger chose to challenge the auditor’s determination. Arie and Dalia’s divorce settlement stipulation entitled Dalia to audit Arie’s assets and liabilities “as of the date of commencement of the parties’ matrimonial action, i.e., January 31, 2002.” The $100,000 and $50,000 notes that are being disputed were not issued until March 12, 2002 and November 17, 2003. As we noted on the prior appeal, neither the notes nor the purchase agreement contain arbitration clauses (Genger v Genger, 87 AD3d 871, 874 n 2 [1st Dept 2011]).
However, we agree with the court that the arbitrator’s determination that he lacked jurisdiction to determine ownership of the notes was not entitled to res judicata or collateral estoppel effect. As we held on the prior appeal, because the arbitrator rendered no award and determined no issues concerning the
*577 notes and the purchase agreement, “the arbitration has no preclusive effect on those issues” (Genger, 87 AD3d at 873). Concur — Mazzarelli, J.P., Renwick, Manzanet-Daniels and Clark, JJ.